[Civ. No. 8836.   Third Dist.   May 14, 1956.]

JAMES P. ATCHISON et al., Respondents, v. LULU
B. STEPP McGEE, Appellant.

Douglas A. Pease for Appellant.

Colley & Sakuma for Respondents.

SCHOTTKY, J.—Plaintiffs commenced an action against defendant to quiet title to certain real property in Sacramento County.   Defendant filed an answer denying the material

allegations of plaintiffs' complaint and alleging that she was the true owner of said real property. Thereafter plaintiffs filed a motion for summary judgment based upon the affidavit of James P. Atchison, one of the plaintiffs. Defendant filed no counteraffidavit, and, following a hearing on the motion at which both plaintiffs and defendant were represented by counsel, the court made an order granting said motion, and summary judgment was entered in favor of plaintiffs.

Defendant has appealed from the judgment, and her first and principal contention is that the affidavit filed by plaintiffs in support of their motion was insufficient as a matter of law to support the order granting a summary judgment.

Defendant quotes from section 437c of the Code of Civil Procedure as follows:

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto."

The affidavit upon which plaintiffs' motion was based set forth that on January 17, 1950, one Sanauncie Harris was the owner of the real property in controversy; that on said date she "made, executed and delivered a Grant Deed" of said property to plaintiffs and Georgia Atchison as joint tenants and that said deed was recorded on January 18, 1950; that since said deed was recorded both Sanauncie Harris and Georgia Atchison have died and that plaintiffs are the sole owners of the said property; that on May 25, 1951, defendant caused to be recorded a document dated August 17, 1950, purporting to be a gift deed of said property from Sanauncie Harris to defendant; that plaintiffs have been in possession of said property since January 17, 1950, and that defendant never has been in possession of it nor has she paid any taxes on it; that such facts are within the "personal knowledge of affiant, and if called as a witness, affiant will testify *completely* to the same." (Italics ours.)

As hereinbefore stated, defendant filed no counteraffidavit.

In *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, the court said at pages 562 and 563 [277 P.2d 464]:

"Since plaintiff failed to file any affidavit in opposition to the affidavit filed on behalf of the defendant, the court was

entitled to accept as true the facts therein stated, which were within the personal knowledge of the affiant and to which the affiant could competently testify. (*Coyne* v. *Krempels, supra,* pp. 261-262 [36 Cal.2d 257 (223 P.2d 244)]; see *Holland* v. *Lansdowne-Moody Co.* (Tex.Civ.App.), 269 S.W.2d 478, 481.) Plaintiff urges, however, that the pleadings herein raise particular issues of fact which preclude the granting of a motion for summary judgment. Plaintiff has fallen into the error of relying on her complaint as a means of disputing the affidavit filed on behalf of defendant. The fallacy of this position is demonstrated in *Coyne* v. *Krempels, supra,* and *Hardware Mut. Ins. Co.* v. *Valentine,* 119 Cal.App.2d 125, 129 [259 P.2d 70], which lay down the rule that the failure to file counteraffidavits cannot be remedied by resort to the pleadings. As pointed out in the careful analysis of this question in the Coyne case, the sufficiency of the allegations of a complaint do not determine the motion for a summary judgment. Rather, it must be determined from the affidavits whether there exists a genuine issue as to any material fact. Often there is no genuine issue of fact, although such an issue is raised by the formal pleadings. Absent a genuine issue of fact as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render a summary judgment.''

Defendant contends that the affidavit filed by plaintiffs was insufficient because no copies of the documents relied upon were attached to the affidavit and that, therefore, affiant could not competently testify to the facts, nor could such facts be within his personal knowledge as required by said section 437c. She disputes plaintiffs' statement that the writing of the word ''completely'' in the affidavit was a clerical error, it being the intention to write the word ''competently'' as provided in the cited code section. We think it is clear that plaintiffs intended to use the word ''competently,'' but in any event the word ''completely'' would serve the same purpose because it is difficult to understand how a witness could testify ''completely'' without testifying ''competently.'' We shall, therefore, discuss the sufficiency of plaintiffs' affidavit upon the assumption that the affiant has stated that he could testify competently to the facts stated in the affidavit.

As stated in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal. 2d 553, at page 556 [122 P.2d 264], in discussing the procedure for summary judgment under section 437c:

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

"For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. (*McComsey* v. *Leaf, supra* [36 Cal.App.2d 132 (97 P.2d 242)] ; *Fuller* v. *General Acc. Fire & Life Assur. Corp.*, *Ltd., of Perth, Scotland*, 224 Wis. 603 [272 N.W. 839] ; see 13 So.Cal.L.Rev. 523.)"

The affidavit filed by plaintiffs, as hereinbefore detailed, states that Sanauncie Harris was the owner of the property and on January 17, 1950, executed and delivered a grant deed thereof to plaintiffs and that on May 25, 1951, defendant caused to be recorded a deed dated August 17, 1950, purporting to be a gift deed of said property from the same grantor, Sanauncie Harris, to defendant. Affiant, as one of the plaintiffs could certainly testify competently that the deed of January 18, 1950, was executed and delivered. It was not necessary for the original deeds or certified copies thereof to be attached to the affidavit for their mere presence would not prove execution and delivery. Whether they were delivered was a question of fact about which affiant could testify. When he testified that a deed existed in which plaintiffs were grantees and one Sanauncie Harris was grantor, and that such deed was duly recorded, the presumption of sufficiency of the deed to convey title arose which was never rebutted. All facts alleged in the affidavit must be considered as true unless they are controverted. If the deed of January 17, 1950, to plaintiffs was valid, the subsequent deed of the same property from the same grantor must be of no effect.

Since defendant filed no counteraffidavit, the court was entitled to accept as true the allegations of plaintiffs' affidavit and could reach no other conclusion but that defendant either did not dispute the truth of the statements in said affidavit or could not controvert them. If defendant disputed said statements she could easily have filed a counteraffidavit either denying them or setting up other facts as a defense against the action. While the procedure under section 437c is a drastic one, it was nevertheless enacted by the Legislature for the purpose of ascertaining whether there were genuine issues as to material facts, and thus to prevent in many cases long

delay in determining litigation. ■ If a party against whom such a motion is made disputes any statements in the affidavit of the moving party, he must by counteraffidavit show that there are issues of fact to be determined in the action. He cannot rely upon pleadings already filed, or there would be nothing accomplished by the passage of said section 437c.

■ Appellant also contends that no proper order was ever made or entered by the court to support or authorize the summary judgment. Appellant argues that the trial court should have first granted the plaintiffs' motion by ordering the defendant's answer stricken; thereafter, it could properly make and enter its judgment in favor of plaintiffs. She argues that a failure to do so leaves the judgment wholly without any support in the record and the case is still at issue as demonstrated by the allegations of the complaint and the denials of the answer.

There is no merit in this contention. Defendant's appeal is from the judgment, and in granting the motion for summary judgment and entering a summary judgment it is of little importance whether or not the court made a formal order striking the answer.

In view of the foregoing, we conclude that the trial court correctly applied the law to the uncontroverted facts before it and properly granted plaintiffs' motion for a summary judgment.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.