[Civ. No. 6724.   Fourth Dist.   Jan. 30, 1962.]

EVELYN C. KNUDSEN, Plaintiff and Appellant, v. FRED-
ERICK W. FAUBUS, Defendant and Respondent.

William O. Burt for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Jack W. Crumley and Robert G. Steiner for Defendant and Respondent.

COUGHLIN, J.—The issue on this appeal, as stated by both parties in their briefs, is whether the affidavit of the defendant Faubus, the respondent herein, is sufficient to support the order granting his motion for a summary judgment against the plaintiff, the appellant herein.

The plaintiff brought this action for damages arising out of an automobile accident, occurring on January 13, 1960, allegedly caused by the negligence of the defendant Denton while driving an automobile owned by the defendant Faubus with the consent of the latter. The defendant Faubus moved for a summary judgment under the provisions of section 437c of the Code of Civil Procedure; and supported his motion with an affidavit properly conforming to the requirements of that section. In this affidavit Faubus stated that it was a fact, and he would testify, that he was an automobile dealer; as such dealer, owned the automobile in question on January 12, 1960; sold it on that date to the defendant Denton; before completing such sale prepared a "Dealer's Notice of Sale" which was signed by Denton; that his usual course of business was to enclose such a notice in an envelope addressed to the Department of Motor Vehicles at Sacramento, California, and either to mail such envelope on the evening of the sale or permit it to be picked up by the mail carrier the next morning; that he mailed an envelope so addressed containing the notice in question either on the evening of January 12th or the morning of January 13th; and that he had no notice of the accident referred to in the complaint until five months after the foregoing sale. Attached to the affidavit in question was a certified copy of the notice of sale indicating receipt thereof by the Department of Motor Vehicles on January 15, 1960.

The affidavit or affidavits in support of a motion for summary judgment in favor of a defendant will uphold an order granting such motion if they state facts, in the manner prescribed by section 437c of the Code of Civil Procedure which, if proved, would be sufficient to sustain a judgment in his favor, and the plaintiff does not "by affidavit or affidavits . . . show such facts as may be deemed by the judge

hearing the motion sufficient to present a triable issue of fact.''
(Code Civ. Proc., § 437c; *Coyne* v. *Krempels,* 36 Cal.2d 257,
261 [223 P.2d 244].)

The affidavit of the defendant Faubus establishes
that he sold the automobile in question to the driver thereof
on the day preceding the accident in question; and that he
had mailed a notice of this sale to the Department of Motor
Vehicles not later than the morning of the day after the sale.
Under the provisions of section 5602 of the Vehicle Code, the
owner of an automobile who has made a bona fide sale thereof;
has delivered possession thereof to the purchaser; and has
delivered to the Department of Motor Vehicles or placed in
the United States mail addressed to that department the notice
prescribed by section 5901 of that code, shall not be deemed,
by reason of any of the provisions of that code, to be the owner
of that automobile so as to be subject to civil liability for its
operation by the purchaser. ██ Section 5901 of the Vehicle
Code requires every dealer, upon transferring an automobile
by sale, to give written notice of the transfer to the Depart-
ment of Motor Vehicles not later than the end of the dealer's
next business day following the sale. The ''exemption from
owner's liability becomes effective upon the mailing of such
notice within the period provided.'' (*Stoddart* v. *Peirce,* 53
Cal.2d 105, 119 [346 P.2d 774].) ██ Under the law as
stated, the affidavit in question, no issue being raised by a
counteraffidavit, was sufficient to support a summary judg-
ment in favor of the defendant Faubus.

Although the foregoing conclusion disposes of the issue on
appeal as that issue is stated by the parties in their briefs,
reference is made therein to a declaration under penalty of
perjury made by the plaintiff's attorney and filed in opposition
to the motion. However, the declaration in question does not
conform to the requirements of section 437c; does not state
facts about which the declarant could testify of his own knowl-
edge (see *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353
[333 P.2d 133]; *Nini* v. *Culberg,* 183 Cal.App.2d 657 [7 Cal.
Rptr. 146]); in the main is argumentative; and does not
purport to raise any conflict with the facts stated by the
defendant which establish that he mailed the notice prescribed
by section 5901 of the Vehicle Code on or before the morning
of January 13, 1960. ██ Where the affidavit in support of
a motion for summary judgment states facts sufficient to
sustain a judgment in favor of the moving party, unless an
affidavit filed on behalf of the opposing party competently

states facts indicating the existence of a triable issue with respect to a material fact relied upon by the moving party, the latter's motion should be granted. (*Keylon* v. *Kelley,* 188 Cal.App.2d 490, 492 [10 Cal.Rptr. 549] ; *Johnson* v. *Holt,* 173 Cal.App.2d 107, 110 [342 P.2d 398] ; *Terrell* v. *Local Lodge 758, etc. Machinists,* 150 Cal.App.2d 24, 26 [709 P.2d 130] ; *Atchison* v. *McGee,* 141 Cal.App.2d 515 [296 P.2d 860].)

Appellant argues that although the notice of sale may have been received by the Motor Vehicle Department on January 15th, the plaintiff may have sent it special delivery on January 14th, rather than by regular mail on January 13th. This is mere speculation. No facts are stated in support of this conclusion; not even the length of time it normally would take for delivery by mail under the circumstances noted. In *Gorham* v. *Taylor,* 176 Cal.App.2d 600, 602 [1 Cal.Rptr. 546], this court held that an affidavit stating facts showing a dealer's transfer by sale and that a notice thereof was mailed to the department on March 6th and received by it on March 10th, was sufficient to support a motion for summary judgment in an action similar to that in the case at bar.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.