[Civ. No. 10416.   Third Dist.   June 12, 1962.]

INTERNATIONAL OIL AND METAL CORPORATION, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA, Defendant and Respondent.

Dal Poggetto & Chown and Norman R. Chown for Plaintiff and Appellant.

Robert E. Reed, Harry S. Fenton, John B. Matheny and Marc Sandstrom for Defendant and Respondent.

SCHOTTKY, J.—International Oil and Metal Corporation, a Delaware corporation, has appealed from a judgment entered in favor of the State of California after the latter's motion for summary judgment was granted.

Alabama-California Gold Mine Company, a Washington corporation, prior to May 24, 1955, was the owner and the record title holder of real property in Placer County. On May 24th Alabama and International entered into a merger agreement. On September 19th the merger was consummated, with International the surviving corporation. Certificates of

merger were filed in Washington and Delaware in June 1956.

In 1957 Alabama executed a grant deed to the property to the State of California. This deed was signed by Bryce Little, president of Alabama at the time of the merger, and Calvin C. Hunziker, secretary. The State of California recorded the deed in Placer County on January 24, 1958. International filed the certificate of merger in Placer County on July 14, 1959. It then brought this action to recover for the alleged taking of its property. The state made a motion for summary judgment which was granted. The action was dismissed and this appeal followed.

The affidavits filed by the state in support of the motion stated:

(1) That the files of the Department of Public Works show that on or before February 3, 1958, a draft in the amount of $6,150.67 was forwarded to Alabama-California Gold Mines Company "and [*sic*] full compensation for the parcels involved...."

(2) That the right of way agent who negotiated for the property had no notice that International had any claim of ownership of the property; that his investigation showed that Alabama was the owner; that he communicated with Alabama for the purchase of the property; that the right of way contract was returned, as was a grant deed signed by Bryce Little as president of Alabama and Calvin C. Hunziker as secretary of Alabama, which was later recorded.

(3) That according to the records of Placer County as of January 24, 1958, Alabama was the record owner of the property.

No counteraffidavits were filed.

As hereinbefore set forth, a draft in the amount of $6,150.67 was forwarded to Alabama-California Gold Mines Company "and [*sic*] full compensation for the parcels involved . . . ." While the affidavit did not state that the draft was cashed, it could be inferred that it was cashed in the regular course of business. However, in order to clear up any doubt as to whether it was cashed the Presiding Justice at the oral argument asked counsel for appellant if there were any question as to whether or not the draft was cashed, and counsel for appellant replied, "No, your Honor, there is no question in that regard." Counsel for appellant and respondent then stipulated that the draft was cashed by Bryce Little, President of Alabama-California Gold Mines Company.

Appellant contends that the affidavits of respondent are insufficient to sustain a summary judgment. ▮▮▮ The rules applicable to a motion for summary judgment under section 437c of the Code of Civil Procedure are well stated in *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264], at page 555:

"At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case. [Citing cases.] If that were not true, controversial issues of fact would be tried upon affidavits by the court and not a jury. Because the procedure is summary and presented on affidavits without the benefit of cross-examination, a trial by jury and opportunity to observe the demeanor of witnesses in giving their testimony, the affidavits filed on behalf of the defendant should be liberally construed to the end that he will not be summarily deprived of the full hearing available at a trial of the action and the rights incident thereto.

"The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact. (See *Walsh* v. *Walsh, supra* [18 Cal.2d 439 (116 P.2d 62)].)

▮▮▮ For these reasons it may further be said that the affidavits of the moving party, the plaintiff in this case, should be strictly construed and those of his opponent liberally construed. (*McComsey* v. *Leaf, supra* [36 Cal.App.2d 132 (97 P.2d 242)] ; *Fuller* v. *General Acc. Fire & Assur. Corp., Ltd., of Perth, Scotland,* 224 Wis. 603 [272 N.W. 839]; see 13 So.Cal.L.Rev. 523.) And in this connection it may be further observed that the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. (*McComsey* v. *Leaf, supra.*)"

In passing upon the sufficiency of the affidavit to support the granting of the motion for summary judgment we must also consider the provisions of section 4122 of the Corporations Code which reads:

"Filing copies of agreement when foreign corporations have realty in state: Effect. Whenever a foreign corporation having any real property in this State consolidates or merges with another foreign corporation pursuant to the laws of the state or place in which it was incorporated, and the laws of that state or place provide substantially that the making and filing of the agreement of consolidation or merger vests in the consolidated or surviving corporation all the real property of the constituent corporation, the filing for record, in the office of the recorder of any county in this State in which any of the real property of such constituent corporation is located, of a copy of the agreement of consolidation merger, certified by the secretary of state or other official of the state or place pursuant to the laws of which the consolidation or merger is effected, shall vest in the consolidated or surviving corporation all interest of the constituent corporation in and to the real property located in that county."

■■■ "The burden is on the person claiming to be a bona fide purchaser to prove that he purchased without notice of any right of others and for a valuable consideration. ■■■ He must allege and prove the possession of his grantor, the purchase of the premises, payment of the purchase money in good faith and without notice, actual or constructive, before and down to the time of payment." (42 Cal.Jur.2d, Records and Recording Laws, § 68.)

■■■ In order to sustain the summary judgment respondent state must show that no issue of fact remained to be resolved and the affidavits filed by respondent must state facts establishing every element necessary to sustain a judgment in its favor.

■■■ The state to prevail must show it is a bona fide purchaser for value without notice. The affidavits sufficiently show that Alabama was the owner of record and that the state had no knowledge or notice of International's right. In such circumstances, if it were a purchaser for value, the state should be able to acquire title as against International.

■■■ To be a purchaser for a valuable consideration one must have parted with money or something else of value as consideration for the conveyance. In other words, he must have done some act as a consideration for the conveyance which, if the conveyance were set aside, would place him in a worse pecuniary position that he was before. (5 Tiffany, Real Property (3d ed.) pp. 88-89.)

As hereinabove set forth, it can be inferred from the affidavits that the draft sent by the state to Alabama-California Gold Mines Company was cashed, and counsel for both parties so stated. The affidavits show that Alabama was the owner of record and that respondent state had no knowledge of appellant's right. While the merger of Alabama and appellant was consummated in 1956, appellant International did not file the certificate of merger in Placer County until July 1959, which was two years after respondent state had purchased the property from Alabama and paid $6,150.67 therefor.

As hereinbefore noted, appellant filed no counteraffidavits, and what this court said in *Atchison* v. *McGee*, 141 Cal.App.2d 515 [296 P.2d 860], at page 518, is apposite: "Since defendant filed no counteraffidavit, the court was entitled to accept as true the allegations of plaintiffs' affidavit and could reach no other conclusion but that defendant either did not dispute the truth of the statements in said affidavit or could not controvert them. If defendant disputed said statements she could easily have filed a counteraffidavit either denying them or setting up other facts as a defense against the action. While the procedure under section 437c is a drastic one, it was nevertheless enacted by the Legislature for the purpose of ascertaining whether there were genuine issues as to material facts, and thus to prevent in many cases long delay in determining litigation. If a party against whom such a motion is made disputes any statements in the affidavit of the moving party, he must by counteraffidavit show that there are issues of fact to be determined in the action. He cannot rely upon pleadings already filed, or there would be nothing accomplished by the passage of said section 437c."

We are convinced that the trial court did not err in granting the motion for summary judgment. In the absence of any counteraffidavit the court could only conclude that respondent state was a bona fide purchaser for value without notice, actual or constructive, of the rights of appellant. While the procedure relating to summary judgment (Code Civ. Proc., § 437c) is a drastic one, the record in the case at bench demonstrates the value of such a statute in preventing long delay in determining litigation.

The judgment is affirmed.

Peek, P. J., and Pierce, J., concurred.