[Civ. No. 23407.   First Dist., Div. Two.   June 27, 1967.]

MILTON ALLEN COLEMAN, SR., et al., Plaintiffs and Appellants, v. WALTER F. FITZGERALD, Defendant and Respondent.

Watt & Peckham and Jordan N. Peckham for Plaintiffs and Appellants.

Hill, Janssen, Corbett & Dunaway, Victor M. Corbett and Donald B. Roberts for Defendant and Respondent.

TAYLOR, J.—This is an appeal from a summary judgment in favor of defendant, Walter F. Fitzgerald, in plaintiffs' action for the wrongful death of their son, who died as the result of bodily injuries sustained on November 1, 1961, in an accident involving a 1958 Ford automobile driven by John E. Thompson and formerly owned by defendant.

Defendant's affidavit in support of his motion for a summary judgment indicated that on May 16, 1961, he was the registered owner of the automobile but on that date transferred it to Fred Dobrozensky; that he delivered the automobile and the certificate of ownership (known as the "pink slip") and registration card (known as the "white slip") to Dobrozensky, who delivered the certificate of ownership with the proper transfer fee to the Eureka branch of the State Department of Motor Vehicles (hereafter Department) on the same day; and that since that date, defendant had no ownership, custody, care or control of the automobile. His affidavit was accompanied by a photostat of the pink slip and certification from the Eureka office of the Department indicating that its records showed a transfer application for the vehicle dated May 16, 1961, received by the Eureka office on that day, and that its records indicated that transfer was made to Fred R. Dobrozensky.

Plaintiffs' counteraffidavit filed by their counsel, Jordan N. Peckham, did not deny the transfer of the automobile from defendant to Dobrozensky but averred that there was evidence from which an inference might be drawn by the jury that the pink slip was not delivered to the Department until after the accident in question. This evidence consisted of the California Highway Patrol report of the accident indicating that defendant was still the owner of the automobile based on the presence of the white slip in the vehicle at the time of the accident, and a letter from the Department's office in Sacramento dated February 26, 1962, stating that the registered owner of

the vehicle in question was Walter E. Fitzgerald, Jr., and there was no record of any transfer in the file in that office. The trial court excluded the latter document on the basis of hearsay.

Plaintiffs' major contention on appeal is that the trial court erred in excluding the document from Sacramento indicating that defendant was still an owner of the automobile at the time of the accident and that if properly admitted, this evidence would establish the existence of a triable issue of fact.

■ On a motion for summary judgment, pursuant to section 437c of the Code of Civil Procedure, the purpose is to discover whether there are any triable issues of fact. If the opposition affidavit sets up facts showing that there are triable issues of fact, the motion must be denied. ■ The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods of determining issues of fact (*Pettis* v. *General Tel. Co. of Cal.*, 66 Cal.2d 503, 505 [58 Cal.Rptr. 316, 426 P.2d 884]). ■

■ Affidavits of the moving party must be strictly construed and those of his opponent liberally construed. ■ ■ The opposing affidavit must be accepted as true and need not be composed wholly of strictly evidentiary facts. ■ The only issue to be determined by the trial court is whether or not any facts have been presented that give rise to a triable issue or defense and not to determine the true facts in the case. ■ Any doubts are to be resolved against the moving party. ■ A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. The statute provides that the facts shall be set forth with particularity. ■ To satisfy this requirement, the movant's affidavit must state all of the requisite evidentiary facts and not merely the ultimate facts or conclusions of law or fact (*Somerville* v. *Providence Washington Indemnity Co.*, 218 Cal.App.2d 237 at p. 244 [32 Cal.Rptr. 378]).

In the light of these rules, we look at the supporting declarations and the counteraffidavit. ■ Defendant's motion was based on his alleged transfer of the vehicle and necessary documents to Dobrozensky on May 16 and the delivery of the endorsed pink slip by Dobrozensky to the Eureka office of the Department on the same day. This allegation, as conceded in the counteraffidavit, sufficiently established defendant's com-

pliance with section 5602 of the Vehicle Code, set forth in a footnote below,[1] and, if true, the exemption of the owner from liability for the operation of the vehicle by the purchaser or his agent would have become effective forthwith (*Stoddart* v. *Pierce*, 53 Cal.2d 105, 119 [346 P.2d 774] ; *Knudsen* v. *Faubus*, 199 Cal.App.2d 659, 661 [19 Cal.Rptr. 17] ).

Defendant's affidavit was accompanied by a certified copy of the records of the Department in Eureka indicating that the documents relating to the transfer had been received on May 16, 1961, about 6 months before the accident. Significantly, the counteraffidavit does not deny or controvert this evidence which definitely establishes defendant's compliance with the statute.

We cannot agree with plaintiffs' argument that their letter from the Sacramento office of the Department was of equal dignity with the evidence of defendant. Plaintiffs' letter was neither certified nor verified and generally would not be considered competent evidence (*Pruett* v. *Burr*, 118 Cal. App.2d 188, 201 [257 P.2d 690] ). But even if we assume that which was not established by plaintiffs' counteraffidavit, namely, that the letter would be admissible hearsay as a public official's statement required under his duties and based on personal knowledge, it would not help plaintiffs' cause. It does not controvert defendant's allegations showing compliance with the statute. Only endorsement and delivery to the purchaser or mailing or delivery to the Department need be established. The filing of the necessary documents with the Department's office in Sacramento is not required.

Where the affidavit in support of a motion for summary judgment states facts sufficient to sustain a judgment in favor of the moving party and the counteraffidavit fails to competently state facts indicating the existence of a triable

[1] "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements:

"(a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code.

"(b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer."

Section 5900 provides that the owner shall *immediately notify* the Department of the transfer.

issue with respect to a material fact relied upon by the moving party, the motion should be granted (*Knudsen* v. *Faubus, supra,* p. 662).

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.