[Civ. No. 33873. Second Dist., Div. One. Sept. 16, 1969.]

EMMA L. SELTZER, Plaintiff and Appellant, v. EMMETT FRANCIS SELTZER, Defendant and Respondent.

Brinton N. Bowles for Plaintiff and Appellant.

Hart & Mieras for Defendant and Respondent.

LILLIE, J.—Defendant's motion therefor having been granted, plaintiff appeals from the ensuing summary judgment in defendant's favor determining interests to certain residential property in La Crescenta.

Defendant (also referred to as "Emmett") is the brother of John P. Seltzer, now deceased, from whom Emma, plaintiff herein, was awarded an interlocutory decree of divorce in December of 1963. Such decree, pursuant to stipulation of the parties, included the following "orders": Emma shall have exclusive use of the property, found to be held in joint tenancy, until the youngest of their children reaches the age of 21, after which time it shall be sold and the proceeds equally divided; and each party shall pay one-half of the taxes, costs of reasonable repairs and insurance premiums, all "until further order of Court." Seven months later, in July of 1964, John conveyed his interest in the property to his brother, Emmett, defendant herein, assertedly for $2,000. In November of the same year, and before the expiration of the time within which either party could apply therefor, Emma secured an order requiring her husband to show cause why he should not be restrained from obtaining a final decree until an adjudication of her claim, set forth in the application for such order, that John had concealed some $7,000 in community assets. Although more than eight witnesses were subpoenaed, no evidence of concealed assets was produced at the hearing and the show cause order was discharged.

Following the discharge of such order, and pursuant to the agreement of counsel for both parties, John submitted both himself and his records to a private examination by Emma's then attorney. By letter her attorney thereafter advised Emma that there was insufficient evidence to proceed further absent new evidence supportive of her claims. A final judgment of divorce was thereafter entered (January 11, 1965) without any modification of the material provisions of the interlocutory decree; this was done prior to John's death.

The foregoing matters are set forth in an affidavit of Emmett's attorney supporting his motion for summary judgment in the instant proceeding which was initiated by Emma on March 3, 1966, some seven months after John's death. No counteraffidavits were filed. By her complaint, Emma sought judgment setting aside the conveyance to Emmett upon the grounds of fraud and lack of consideration (first cause of

action), declaratory relief adjudging her interests in and to the property (second cause of action), and judgment impressing a constructive trust in her favor on certain designated items of community property conveyed by John to Emmett (third cause of action). By the summary judgment here challenged the court adjudged that defendant prevail as to the first and third causes of action; as to the remaining (second) cause of action, it was adjudged that "the parties are to abide by all the terms and conditions of the Interlocutory Decree of Divorce" entered on the date in question.

Plaintiff contends that the declaration and affidavit in support of the challenged judgment do not comply with the statutory requirement that as to facts stated therein "affiant, if sworn as a witness, can testify competently" (Code Civ. Proc., § 437c) ; too, that the affidavit of defendant's attorney contains averments which, being in the nature of hearsay, are not the best evidence of that which transpired on the order to show cause. ██ Such argument, of course, invokes the established rule that because of the drastic nature of the relief sought, the affidavit of the party moving for summary judgment must be strictly construed, while a liberal construction must be accorded any affidavits in opposition. (*R. D. Reeder Lathing Co.* v. *Allen,* 66 Cal.2d 373, 376-377 [57 Cal.Rptr. 841, 425 P.2d 785].) It is further contended that the trial court had no legitimate basis upon which to grant the adjudication prayed for since the moving papers (strictly construed) were insufficient to sustain a judgment in defendant's favor and set forth matters which presented triable issues of fact; that such is the test is likewise settled. (*Pettis* v. *General Tel. Co.,* 66 Cal.2d 503, 505 [58 Cal.Rptr. 316, 426 P.2d 884].) ██ But there is another principle also governing here: Where (as in the instant proceeding) the party against whom a motion for summary judgment is made files no counteraffidavit, the trial court is entitled to accept as true the allegations of the movant's affidavit and must assume that the other party either cannot dispute the truth of statements in such document or cannot controvert them. (*International Oil & Metal Corp.* v. *State of California,* 204 Cal.App.2d 565, 570 [22 Cal.Rptr. 568] ; *Atchison* v. *McGee,* 141 Cal.App.2d 515, 518 [296 P.2d 860].)

The latter of the above two claims, the sufficiency of the supporting papers, will be disposed of first. The affidavit of defendant's attorney, Edward P. Hart, recites that he was at all times the attorney of record for Emmett's brother John in

the divorce action previously referred to. Attached thereto are copy of the interlocutory judgment, copy of the order to show cause and copy of the application for a subpoena duces tecum;[1] also the affidavit refers to such prior action by title and court number. Accordingly, matters in the file of that proceeding were not only subject to judicial notice in the trial court (*Martin* v. *General Finance Co.*, 239 Cal.App.2d 438, 442 [48 Cal.Rptr. 773]; Evid. Code, § 452, subd. (d)), but also in this court (*Martin* v. *General Finance Co., supra*). Too, after reference to the letter of Emma's attorney (a copy of which is attached thereto) wherein the opinion is given that it would be useless for her to proceed further absent additional evidence, the affidavit asserts that ''said issue of hidden assets having been fully explored by Emma L. Seltzer and her counsel in said cause No. D629,020, that she is now estopped from raising said issue in the above entitled proceeding.''

Emma's first cause of action sought to set aside her husband's conveyance of his joint tenancy interest in the property to Emmett upon the ground of fraud, while the third cause of action asks the imposition of a constructive trust on various and sundry community assets, excluding (it should be noted) the above joint tenancy interest. Since there can be but little doubt that the trial court applied the doctrine of collateral estoppel in reaching its determination as to these two causes of actions, plaintiff argues that it was error to do so. She cites *Krupp* v. *Mullen*, 120 Cal.App.2d 53, 56 [260 P.2d 629], for the proposition that estoppel is an affirmative defense which must be specifically pleaded; but; as shown above, Emmett did so affirmatively plead. Furthermore, the *Krupp* decision was concerned with estoppel in pais, whereas our case involves estoppel by judgment. ''The reason for the doctrines covering estoppel by judgment, whether the rule be 'law of the case' or 'res judicata' is the need for curtailment of prolonged and multiple litigation causing 'vexation and expense to the parties and wasted effort and expense in judicial administration.' [Citations.]'' (*City of North Sacramento* v. *Citizens Utilities Co.*, 218 Cal.App.2d 178, 185 [32 Cal.Rptr. 308].) Although plaintiff seemingly suggests

---

[1]The application for the issuance of a subpoena duces tecum declares that community assets have been fraudulently concealed by John and that the production of his books, records, financial statements and other designated documents will indicate where such assets are located and in what form they exist.

otherwise, the authorities clearly hold that res judicata is a proper ground upon which to grant a summary judgment. (*Smith* v. *City of Los Angeles,* 190 Cal.App.2d 112, 128 [11 Cal.Rptr. 898] ; *Stafford* v. *Ware,* 187 Cal.App.2d 227, 236-237 [9 Cal.Rptr. 706].)

The question thus presented is whether plaintiff is barred from pursuing her claims any further because of res judicata and the estoppel by judgment that arises therefrom. We think the answer must be in the affirmative. The subject of plaintiff's first cause of action involved a property interest adjudged under the interlocutory decree to have been held in joint tenancy by both Emma and John, indeed they stipulated to the character of such interest. Thus, since the court was without power to award John's interest therein to Emma (*Fox* v. *Fox,* 18 Cal.2d 645, 646 [117 P.2d 325] ), John could have sold or encumbered such interest at his pleasure regardless of Emma's knowledge or consent. (*Meyer* v. *Wall,* 270 Cal.App.2d 24, 30 [75 Cal.Rptr. 236].)[2] Also as part of the stipulation, however, the decree provided that Emma should have the exclusive use of the premises until the youngest of the parties' children reached the age of 21 years *"after which time said real property shall be sold and the proceeds equally divided. . . ."*[3] By this independent suit commenced more than 13 months after the entry of the final decree, and quoting in her first cause of action the above italicized portion of the interlocutory decree entered 2½ years previously, plaintiff now seeks to invalidate the transfer by John to Emmett.

Plaintiff mistakenly argues that the italicized language imposed certain restraints on John's power to dispose of his interest; fairly interpreted, the provision does not permit such construction. Since the form of decree was the work of plaintiff's then attorney, it should be construed most strongly against the interpretation now urged; too, if it had been the

---

[2]Involving property held by a husband and wife as joint tenants and cited in *Meyer* (p. 28, fn. 3) is *Burke* v. *Stevens,* 264 Cal.App.2d 30 [70 Cal.Rptr. 87] ; it appearing that there was a conveyance by the wife of her interest without the knowledge and consent of the husband, the court declared: ''It was unnecessary in connection with the execution of such a deed that there should be notification to the other joint tenant . . . It is not necessary that the consent to termination of joint tenancy be obtained from the other joint tenant. [Citations.]'' (P. 35.)

[3]Except for such stipulation, the court would have been powerless to so provide. (*Miller* v. *Miller,* 227 Cal.App.2d 322, 327 [38 Cal.Rptr. 571], and cases there cited.) But jurisdiction may be conferred, as was done in this case, by stipulation. (*Spahn* v. *Spahn,* 70 Cal.App.2d 791, 796-797 [162 P.2d 53].)

intention of the parties so to be governed, the decree could well have provided (instead of the language actually used) that "the property should be sold *by the parties to this action.*" Having acquired by purchase an interest in the matter affected by the interlocutory judgment, Emmett was clearly in privity with John. Too, in *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], the requirement of mutuality of estoppel was expressly abandoned with this observation: "Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend." (P. 812.) Citing *Bernhard,* it was declared in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439] : "The doctrine of res judicata has a double aspect: (1) it 'precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.' (2) 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action. [Citations.]'" (P. 604.) Continuing, "In the *Bernhard* case. *supra,* this court rejected the doctrine of mutuality of estoppel that had been applied to limit the scope of collateral estoppel, and held three questions to be pertinent in determining the validity of the plea. 'Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?' (19 Cal.2d at p. 813.)" (P. 604.) As in *Teitelbaum,* the record in the present case presents affirmative answers to each of the above questions.

The first cause of action sought the invalidation of John's conveyance to Emmett; since the character of the interest thus conveyed was adjudicated by a judgment which has long since become final and since, for reasons stated above, such conveyance had legal sanction, no good purpose could be served by litigating the issue therein presented any further. The second cause of action sought a declaratory judgment respecting plaintiff's interest in the same identical property. The summary judgment in the instant proceeding declared such interest by reciting that "the parties are to abide by all the terms and conditions of the Interlocutory Judgment of Divorce entered December 3, 1963. . . ." It is no answer for

plaintiff to assert, as she does, that Emmett was not a party to the divorce action and has been improperly "injected" into this proceeding. It is Emmett who, under the circumstances, might have a complaint, but he has accepted the judgment thus rendered. As to the third cause of action, we are persuaded that plaintiff is simply seeking to relitigate the matters considered upon the order to show cause hearing held in December of 1964 and referred to in the affidavit of defendant's counsel. Such document so alleges and the allegations therein are not denied. ■ While it is true that any doubt as to whether summary judgment should be granted should be resolved against the moving party (*Johnson* v. *Banducci,* 212 Cal.App.2d 254, 261 [27 Cal.Rptr. 764]), an application for summary judgment is nevertheless addressed to the sound discretion of the trial court; and if it is clear that the action has *no merit,* and there are no triable issues which would alter this conclusion, the exercise of that discretion by granting the motion should not be disturbed on appeal. (*Pettus* v. *Standard Cabinet Works,* 249 Cal.App.2d 64, 67-68 [57 Cal.Rptr. 207].) The trial court properly exercised its discretion in the instant case.

■ Plaintiff makes the further claim that the form of the supporting papers is deficient. Emmett's declaration is said to be inadequate because it does not contain the words "if sworn as a witness he could testify competently" to the document's contents. But it is also stated therein that "the foregoing facts are true of his own knowledge," and it has been held such language meets the requirements of the statute. (*Schessler* v. *Keck,* 138 Cal.App.2d 663, 670 [292 P.2d 314].) ■ As indicated above, however, Emmett's declaration becomes unimportant in light of the affidavit of his attorney which makes reference to the prior proceedings in the divorce action and sets forth other matters supportive of the defense of estoppel. Since we can take judicial notice of such former proceedings (*Martin* v. *General Finance Co.,* 239 Cal.App.2d 438, 442 [48 Cal.Rptr. 773]), there is no merit to the claim that *all* copies of certain supporting papers were not attached and that the best evidence rule was thus violated. Certainly it cannot properly be said that the omissions claimed warrant a reversal of the judgment challenged. (Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.