[Civ. No. 40612. Second Dist., Div. Four. Jan. 23, 1974.]

PASADENA CITY FIRE FIGHTERS ASSOCIATION,
Plaintiff and Appellant, v.
BOARD OF DIRECTORS OF THE CITY OF PASADENA et al.,
Defendants and Respondents.

902

## COUNSEL

H. Gary Jeffries for Plaintiff and Appellant.

Wendell R. Thompson, City Attorney, and James O. Kahan, Deputy City Attorney for Defendants and Respondents.

## OPINION

**JEFFERSON, Acting P. J.**—Petitioners, the Pasadena City Fire Fighters Association and the Pasadena Police Officers Association, sought a peremptory writ of mandate to compel the respondents, the Board of Directors of the City of Pasadena, and the Pasadena City Manager, to establish a personnel system based upon merit for city employees and further, to enjoin the respondents from conducting a particular examination of applicants for the position of fire chief in the City of Pasadena.[1] The respondents were granted summary judgment in the trial court; only the petitioner Pasadena City Fire Fighters Association has appealed.

The background of this dispute may be summarized as follows: On July 9, 1968, the Charter of the City of Pasadena was revised to include two new articles dealing with the establishment of a merit personnel system. Article VI of the charter, as revised, provides, in pertinent part, that the city manager ". . . shall have the power and it shall be his duty: . . . (c) To appoint, promote, discipline and terminate the employment of all

---

[1]Petitioner is recognized by the City of Pasadena as the representative employee organization for the Pasadena Fire Department, as provided in Board of Directors Resolution No. 555 which implemented the system of employer-employee relations outlined in Government Code section 3500 et seq.

officers and employees of the City in accordance with the personnel system created pursuant to this Charter. . . ."

The personnel system itself is the subject of article VIII of the charter, as revised. It provides:

"Section 801. PERSONNEL SYSTEM. The Board [of Directors, the city legislative body] shall establish a personnel system.

"Section 802. MERIT PRINCIPLE. All appointments and promotions of city officers and employees shall be made on the basis of merit, and fitness shall be demonstrated by appropriate examination or other evidence of competence.

"Section 803. EMPLOYMENT RULES AND COMPENSATION. A manual of the rules, practices and procedures necessary to the administration of the city personnel system shall be established by the City Manager."

Subsequent to the revision of the charter, the board of directors enacted ordinance No. 4959 (superseding No. 3630), known to the litigants as the "Department Organization Ordinance." Chapter XII of that ordinance created a personnel department. In section 12.02 of that chapter, the functions of the department were described in the following terms:

"The department shall:

"(A) operate a personnel merit system for the city consistent with the City Charter, city ordinances and the Administrative Policy;

"(B) advise and assist the City Manager and all departments in matters relating to salary and wage administration and personnel administration;

"(C) recruit and examine employees, administer training and safety programs, conduct promotional examinations and classification studies;

"(D) administer City's Workmen's Compensation Insurance Program and Health Insurance Program; and

"(E) perform such other related duties as shall be required by law, ordinance or by the City Manager."

The ordinance also provides, in chapter IV, that the city manager, as the chief administrative officer, has the power to establish "such rules and regulations relating to the conduct of departments (including the Personnel Department) under his direction and control as he deems necessary."

Pasadena's basic salary ordinance, enacted in 1932, is No. 3013; it has been amended many times since the charter was revised in 1968, but the

basic format has remained the same. It sets forth a compilation of the jobs created by the city, classified by title, and includes salary ranges for each entitled position, as well as numerous other provisions relating to city employment.

Subsequent to 1968, the board of directors formulated a salary resolution bringing up to date the entire personnel structure of city employment, providing for a five-step compensation schedule for all employees. The only reference to appointment and promotion of employees appears in chapter IV of the resolution, and relates to the compensation which may be paid under certain circumstances within the five-step range, upon appointment or promotion.

On or about January 7, 1972 (revised Jan. 14, 1972), the city manager announced that a promotional examination would be held for employees of the Pasadena Fire Department who wished to apply for the position of fire chief. Pursuant to the announcement, certain members of the department were examined. The city manager then announced that none of the applicants had qualified for promotion. He also announced that there would be a new examination, open to qualified persons not presently employed by the department, and that examination was scheduled for May 17 and 24, 1972.

On April 25, 1972, Mr. David Shaw, representing the Pasadena Police Officers Association, appeared at a board of directors meeting and complained that the city was not operating a personnel system based upon merit. He referred not only to the situation of the fire chief, but to another matter which had arisen in the police department. The board suggested that Mr. Shaw present his complaints in writing.

Petitioners, on May 15, 1972, sought a writ of mandate and injunctive relief in the trial court, contending that the city, acting through its board of directors and city manager, was not complying with the city charter by reason of failure to establish a personnel system based upon the merit principle, for which reason they asked the court to enjoin the examinations scheduled for May 17 and 24, 1972, and to order that it not be held. Petitioners also contended, as the basis for injunctive relief, that the city had behaved in an "arbitrary and capricious" manner in their planned method for selecting a new fire chief. Defendants responded on May 31, 1972, and, on the same date, filed a motion for summary judgment which they set for hearing on June 9, 1972. The motion was submitted and on June 23, 1972, the court granted the motion, terminating a temporary restraining order previously issued, and, in a formal judgment entered June 29, 1972, also

discharged an alternative writ of mandate and denied the petition for a peremptory writ.

We are bound by certain well established principles in our review of the judgment grànted below to the respondent city. ■ The purpose of the motion for summary judgment is to establish whether or not a lawsuit contains triable issues of fact; if it does, then summary judgment may not be awarded. (*Coleman* v. *Fitzgerald,* 252 Cal.App.2d 58 [60 Cal.Rptr. 173].) The presence or absence of triable issues of fact is determined by scrutiny of the affidavits offered by the moving party; they must contain facts sufficient to support the judgment. (Code Civ. Proc., § 437c; *Rafeiro* v. *American Employers' Ins. Co.,* 5 Cal.App.3d 799 [85 Cal.Rptr. 701].) ■ Doubt as to the granting of a summary judgment is resolved against the moving party, on the ground that summary judgment is a drastic remedy and deprives a party against whom it operates of his day in court. (*Snider* v. *Snider,* 200 Cal.App.2d 741 [19 Cal.Rptr. 709].)

In the instant case, we have reviewed the material offered by respondents, some of which was received by the trial court pursuant to the stipulation of the parties. From it we have derived much of the factual presentation. In addition to the ordinances previously set forth, we have reviewed board of director's resolution No. 555, which established a basic system for employee-employer relations (pursuant to Gov. Code, § 3500 et seq.), and also that portion of the city's administrative manual that relates to employee grievances.

■ The respondents argue that the board *has* complied with the charter by enacting ordinance No. 4959, the department organization ordinance, and by passing the salary and employee relations resolutions. These enactments, the respondent contends, do in fact establish a personnel system for the City of Pasadena. There is no question that such a system has been created; the issue is, however, whether the system is being operated on the merit principle mandated by the charter.

The term "merit system" is one which has a sufficiently precise definition at law to enable a determination of whether its basic guidelines are being applied by the respondent city. The term has been described as referring to "a system for appointing employees to office in the civil service, and of promoting them for competency only; opposed, in the United States, to the spoils system." (Black's Law Dict. (rev. 4th ed. 1968).) Similarly, Ballantine's Law Dictionary (3d ed. 1969) defines it as "the system in the Civil Service whereby appointments and promotions are made according· to the merit and fitness rather than by way of political favor." (For a discussion

of some of the more modern approaches to a "merit system," see Sato and Van Alstyne, State and Local Government Law (1970) §§ 500-508.)

A personnel system based upon the merit principle of necessity operates by some method which achieves the objective, i.e., the appointment and promotion of employees based on merit and fitness. The charter states that "fitness *shall* be demonstrated by appropriate examination or other evidence of competence." (Italics added.) In our review of the ordinances, resolutions and other material submitted to the trial court by the respondents, we have been unable to determine what method, if any, is employed by the city to achieve the charter objective of operating on a merit principle in employment. No material was presented which set forth any guidelines or objective standards of measurement, even of a most general nature, for determining the fitness of a job applicant for appointment or an employee for promotion in city service.

The appealing petitioner claimed, in the court below, that such matters were not being handled fairly; respondents denied it, but have offered nothing in their affidavits to substantiate the denial. Under these circumstances, triable issues of fact were ascertainable in the court below, the affidavits of the moving parties were insufficient, and the summary judgment must be reversed.

At trial, it may develop that respondent city does hire and promote in keeping with the merit principle; if there is in fact no policy existent in this regard, ". . . the expediency of adopting civil service regulations, as well as the wisdom of the means established by which fitness for such service may be ascertained, is generally recognized to be a question solely for the legislature." (15 Am.Jur.2d, Civil Service, § 2, p. 466.) The board of directors would set the policy, as the charter mandates. While mandamus will not lie to compel the board to exercise its discretion in a particular way, it is proper to compel compliance with the charter by requiring the board to exercise its discretion in some way; mandamus was the proper remedy in the instant case. (*Leftridge* v. *City of Sacramento,* 59 Cal.App.2d 516 [139 P.2d 112]; 5 Witkin, Cal. Procedure (1971) Extraordinary Writs, §§ 75, 76, pp. 3851, 3852.)

■ Respondents also contend that summary judgment was properly granted because petitioner did not exhaust administrative remedies prior to the filing of the mandate. In the instant case, it is not clear what administrative remedy was available to the petitioner.

Certain portions of the respondent city's administrative manual providing for an employee grievance procedure were available to the trial court by

stipulation. The grievance procedure specifically excepts from its operation "[any] matter filed to establish new policies, change prevailing ordinances, or circumvent existing avenues for relief where appeal procedures have been prescribed." The language of this exception is carried over by reference into the board's resolution No. 555, which established an employee-employer relations system for the city.

It is true that one of the petitioners in the trial court did make an effort to acquaint the board of directors with the petitioners' position; however, it does not appear that by so doing the petitioners were pursuing a specific remedy, but were using such persuasion as they could to obtain further board action relevant to a merit personnel system. The failure of the board to decisively reject petitioners' approach does not require the conclusion that petitioners failed to exhaust administrative remedies. Nothing in the affidavits of the moving parties point to the existence of such remedies. Denial of mandate is predicated on that existence, and we have found none here. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 182 et seq.)

The affidavits presented to the trial court by the moving parties contained no information concerning the method employed in selecting a new fire chief for the city. Since the trial court denied injunctive relief with respect to the examination conducted to fill that position, and an appointment was made,[2] we conclude that the injunctive issue and the appointment are moot. We cannot, therefore, pass upon the proposition advanced in oral argument (and subsequent written communication with the court) that quo warranto is the exclusive remedy for the removal of one holding public office. Upon remand, as the pleadings now stand, the question of any specific appointment made subsequent to 1968 would not be before the trial court, but rather, only the validity of the existing, if any, procedures employed by the respondents for employee selection and promotion, in terms of compliance with the charter.

The summary judgment is reversed, and remanded for trial in a manner consistent with the opinions expressed herein.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied February 8, 1974.

---

[2]The record is silent on this point. We are informed that a new fire chief was appointed only in respondents' brief and by the parties at oral argument.