[No. E001054. Fourth Dist., Div. Two. Oct. 10, 1984.]

MELORICH BUILDERS, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
ORLANDO M. SERABIA et al., Real Parties in Interest.

Counsel

Murray & Ames and Charles E. Murray for Petitioner.

No appearance for Respondent.

Kraft, Hegner & Hodge, Henry R. Kraft and William L. Krug for Real Parties in Interest.

Opinion

**RICKLES, J.**—Petitioner by writ contests the denial of petitioner's motion for summary judgment as to real parties' in interest (Serabias') cause of action for intentional infliction of emotional distress. This cause of action was based on petitioner's filing an unbonded stop notice during the course of litigation between the parties.

Petitioner contends the Serabias' claim was barred as a matter of law on two theories: (1) the filing of the stop notice was privileged; and (2) petitioner's conduct was not outrageous.

Facts

Petitioner, Melorich Builders, Inc. (Melorich), a general contractor, agreed to build a house for the Serabias. Construction was to be financed through Santa Fe Federal Savings and Loan Association (Santa Fe). Disputes over the construction arose between Melorich and the Serabias. The Serabias sued Melorich for breach of contract, and Melorich cross-complained to foreclose a mechanic's lien.

After this litigation commenced Melorich filed an unbonded stop notice with Santa Fe on March 19, 1979. This was done on advice of counsel. Santa Fe's attorney acknowledged receipt of the stop notice and advised Melorich's attorney Santa Fe was not obligated to honor an unbonded stop notice. On March 25, 1979, Melorich's attorney was orally notified by the attorney for the Serabias that the stop notice was not an available remedy for a general contractor. Melorich's attorney agreed to rescind the stop notice if the remedy was not available to Melorich. Melorich's attorney rescinded the stop notice and notified Santa Fe on April 11, 1979.

After the stop notice was rescinded, the Serabias amended their complaint to include a ninth cause of action for intentional infliction of emotional

distress based on the filing of this notice. The emotional distress action was ordered severed, and following a trial on the remaining causes of action, the Serabias were awarded judgment. Shortly before the severed action was scheduled to be tried, Melorich moved for summary judgment.

## DISCUSSION

Melorich's motion for summary judgment was supported by declarations of its president, secretary and attorney. The declarations of the president and secretary indicated: (1) they were the sole owners and stockholders of Melorich; (2) they were not familiar with the legalities of stop notices; (3) the stop notice was filed on advice of their attorney; and (4) the stop notice was filed to protect their interest in funds held by Santa Fe and not out of malice toward the Serabias. The declaration of Melorich's attorney indicated: (1) he had not discussed the preparation of the stop notice with the president and secretary of Melorich; (2) he prepared the stop notice at the request of the president's father who formerly held an interest in Melorich; (3) he knew the president's father had no present interest in Melorich and was neither an officer nor a director; (4) he assumed the stop notice had been discussed with the president and secretary as owners of Melorich; (5) he did not know a general contractor (Melorich) could not utilize a stop notice to collect funds; and (6) when advised a stop notice was not available to Melorich, he researched the issue and then withdrew the stop notice.

The Serabias filed points and authorities in opposition to the motion for summary judgment but did not contradict or dispute Melorich's declarations by counteraffidavits or declarations. Because the Serabias' memorandum in opposition to the motion for summary judgment was neither an affidavit nor a declaration, we must assume that the Serabias either cannot dispute the truth of Melorich's affidavits or cannot controvert them. (*Seltzer* v. *Seltzer* (1969) 276 Cal.App.2d 137, 140 [80 Cal.Rptr. 688].) The facts set forth in the supporting affidavits are not brought in dispute by allegations in the pleadings of the opposing party and therefore are undenied. (*Truslow* v. *Woodruff* (1967) 252 Cal.App.2d 158, 164 [30 Cal.Rptr. 304].)

■ "In the absence of counteraffidavits, the court is required to grant a motion for summary judgment where the affidavits of the moving party satisfy the following requirements: 1) the affidavits must contain facts sufficient to entitle the moving parties to a judgment, i.e., facts establishing every element necessary to sustain a judgment; 2) the facts must be set forth with particularity, all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and 3) each of the affiants must show that if sworn as a witness he can testify competently to the evidentiary facts

contained in the affidavit [citation]. Neither the trial court nor the appellate court may weigh evidence [citation]. . . .

"When no affidavits are filed in opposition to a motion for summary judgment, the court is entitled to accept as true the facts alleged in the movant's affidavits, provided they are within the personal knowledge of the affiant and are facts to which he could competently testify. [Citations.]

"Where no triable issues of fact are presented, and the sole remaining question is one of law, it may appropriately be determined on a motion for summary judgment [citations]." (*Leo F. Piazza Paving Co.* v. *Foundation Constructors, Inc.* (1981) 128 Cal.App.3d 583, 588-589 [177 Cal.Rptr. 268].)

With these rules in mind, we examine the trial court's denial of Melorich's motion for summary judgment. The trial court made the following order in compliance with Code of Civil Procedure section 437c, subdivision (f):

"One material fact raised by the motion is whether the recording of the stop notice could create a cause of action for intentional infliction of emotional harm. The Defendants have proffered evidence that the recording was priviledged [*sic*] and therefore could not so do while the Plaintiffs have proffered evidence that it was not priviledged [*sic*] and even if priviledged [*sic*] it could still create a cause of action.

"Another material fact raised by the motion is whether Plaintiffs in fact suffered any emotional harm because of the recording of the stop notice. Defendants have proffered evidence to show that Plaintiff's condition pre-existed the recording. Plaintiff has proffered evidence to show that any pre-existing condition was aggravated by the recording."

This order failed to address the second issue raised by Melorich's motion for summary judgment, i.e., Melorich's conduct was not outrageous as a matter of law. ■■■ The elements of a prima facie case for the tort of intentional infliction of emotional distress are: " '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. (*Fletcher* v. *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 394 [89 Cal.Rptr. 78, 47 A.L.R.3d 286].)' " (*Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 209 [185 Cal.Rptr. 252, 649 P.2d 894], quoting from *Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579, 593 [156 Cal.Rptr.

198, 595 P.2d 975].) If one of these elements in the Serabias' cause of action is missing, they lose. (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 192 [156 Cal.Rptr. 745] [malicious prosecution context].) ▆ Thus, we consider Melorich's uncontradicted declarations strictly to determine if they establish Melorich's right to judgment by conclusively negating a necessary element of the Serabias' cause of action. (*Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675, 678 [120 Cal.Rptr. 291].)

Melorich's declarations show these facts to be uncontested: (1) they were not familiar with the procedures for filing stop notices; (2) they did not know the use of a stop notice was not available to them; (3) the stop notice was filed to protect their interest in funds held by Santa Fe; (4) they filed the offending stop notice on advice of their attorney; (5) the attorney's recommendation they file the stop notice was not based on information supplied by them; (6) their attorney was familiar with the facts surrounding this litigation; (7) the stop notice was in effect from March 19, 1979, until April 11, 1979; and (8) the stop notice was withdrawn by their attorney when it was determined it was not available to them.

Based on these facts, was Melorich's conduct in this instance extreme and outrageous? No. ▆ The standard set for measuring outrageous conduct indicates the qualifying conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. (*Davidson* v. *City of Westminster, supra,* 32 Cal.3d 197, 209.) Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" (See *Fuentes* v. *Perez* (1977) 66 Cal.App.3d 163, 170 [136 Cal.Rptr. 275]; *Golden* v. *Dungan* (1971) 20 Cal.App.3d 295, 304 [97 Cal.Rptr. 577].)

▆ We take judicial notice mechanic's liens and stop notice statutes are technical in nature and utilization requires strict statutory compliance. Any prudent business person should follow the advice of his/her attorney in order to safely negotiate this complicated statutory maze. To hold otherwise would discourage business people from following the advice of their attorneys. Here, Melorich received and followed the advice of its attorney in filing a stop notice. Melorich's conduct in doing so can hardly be said to be extreme or outrageous even though the attorney's advice later proved to be legally unsound.

We hold, as a matter of law, it is a complete defense to a claim of extreme and outrageous conduct when the evidence shows (1) the defendant acted

on the opinion and advice of counsel; (2) counsel's advice was based on full disclosure of all the facts by defendant or the advice was initiated by counsel based on counsel's familiarity with the case; and (3) the defendant's reliance on the advice of counsel was in good faith. (Accord *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 53-54 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878] [malicious prosecution context].)

Having determined Melorich's conduct was not extreme and outrageous, a necessary element of the Serabias' cause of action for intentional infliction of emotional distress is missing. Accordingly, the trial court improperly denied Melorich's motion for summary judgment. Having made this determination, we need not address the issue of privilege.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to vacate its order denying Melorich's motion for summary judgment and to enter a new and different order granting Melorich's motion for summary judgment as to the Serabias' ninth cause of action.

The alternative writ of mandate is ordered discharged.

Morris, P. J., and McDaniel, J., concurred.