[Civ. No. 52068. Second Dist., Div. Two. Feb. 7, 1978.]

In re the Marriage of TERRY C. and MICHAEL L. PERKAL.
TERRY C. PERKAL, Appellant, v.
MICHAEL L. PERKAL, Respondent.

**COUNSEL**

Arthur D. Guy for Appellant.

Levine & Wurtzel and Lawrence D. Levine for Respondent.

**OPINION**

**ROTH, P. J.**—Appellant Terry C. Perkal (Wife) appeals from a minute order made on April 14, 1977, requiring her to make monthly contributions of $75 for the support of each of two children to respondent Michael L. Perkal (Husband). There is a question as to the validity of the appeal. We proceed to the merits on the theory that the appeal was intended to be taken from the formal order.[1] It will be noted from footnote 1 that the formal order was entered on May 10, 1977, and the notice of appeal was filed on May 17, 1977.

---

[1]The minute order made by the court was as follows:

"The order to show cause in re modification is granted. The order is made as contained in the notes of the court reporter. Counsel for the Respondent is to prepare an order and submit it to the Court for signature."

In pertinent part the formal order filed on May 9, 1977, and entered on May 10, 1977, states:

"IT IS HEREBY ORDERED that PETITIONER pay to RESPONDANT [sic] as and for support of the minor children of the parties, to wit: DAVID MARTIN PERKAL, born January 21, 1969, age 8 years, and JOEL RUSSELL PERKAL, born August 9, 1972, age 4 years, the sum of Seventh [sic]-Five ($75.00) Dollars per month, per child, for a total child support in the sum of One Hudnred [sic] Fifty ($150.00) Dollars per month,

On or about September 26, 1974, pursuant to Wife's petition therefor, an interlocutory judgment was entered in the superior court (County of Los Angeles) dissolving the marriage between Wife and Husband. Said interlocutory judgment in accordance with the stipulation of the parties in open court, incorporated the following pertinent provisions: custody of the two children of the marriage, David, born January 21, 1969, and Joel, born August 7, 1972, was awarded to Wife with visitation rights to Husband, Husband was required to pay to Wife $125 monthly for each child, and in addition, to pay other expenses including maintenance of an insurance policy for the benefit of the two children. Spousal support was provided for Wife and the property was divided between the two parties. The record shows no dissatisfaction with the interlocutory judgment and except in a minor respect which was cured, it was performed in all respects to the satisfaction of both.

Approximately one year later, on September 1, 1975, the interlocutory judgment above described was modified by an order in the same court based upon a written stipulation of Husband and Wife wherein custody of David and Joel respectively was transferred from Wife to Husband with rights of visitation to Wife. No provision was made in the written stipulation that Wife make support payments to Husband for the children and no provision was made in the modified order.

The record shows no spelled-out reason for the stipulation to change custody of the two boys, but a fair conclusion from the context of the hearing had on April 14, 1977, discussed below suggests that Wife was

---

payable one-half on the first day of each month and one-half on the 15th day of each month, with the first payment commencing May 1, 1975."

In determining the timeliness of appeals, rule 2(a) of the California Rules of Court provides: "(a) [Normal time.] Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3. [As amended, effective Sept. 17, 1965.]"

What constitutes entry under the rule is set out in subdivision (b) thereof, the pertinent portion of which for our purposes provides: "(b) . . . [What constitutes entry.] For the purposes of this rule: . . . (2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order."

It has been held that "the language of this rule is clear and leaves no room for interpretation," so that where a minute order directs that a formal order be prepared, signed and filed, an appeal must be taken from the subsequent formal order. (*Herrscher v. Herrscher*, 41 Cal.2d 300 [259 P.2d 901].)

eager to enter the business world on her own unfettered by custody of the two boys and its concomitant responsibility.[2]

On April 14, 1977, a hearing was held predicated upon declarations filed by both parties pursuant to an order served on Wife to show cause why the order of September 1, 1976, should not be supplemented to require Wife to make contributions to Husband for the support of the two boys. Upon conclusion of the hearing, a minute order was made and thereafter a formal order was entered as set forth in footnote 1.

During the hearing above referred to, counsel for Wife sought a continuance based upon (1) his engagement in trial in another case the same day, and (2) his need for time to present evidence relative to the order to show cause, in addition to that contained in Wife's application and response. The continuance was denied and no additional evidence was admitted.

█ Wife concedes that her contention the trial court abused its discretion in denying the requested continuance "flies in the face of a mountain of authority" dealing with that subject, but urges that on the facts appearing in the record it is clear that the court by its actions created the need for postponement.

We do not agree.

The reporter's transcript discloses the matter was called at 11 a.m. on the date set for hearing and that a brief exchange concerning the method of ascertaining appropriate support awards ensued between the court and Wife's attorney. No suggestion of the need for a continuance was made at that time. The parties were requested by the court to discuss the question of support payments between themselves in the hope of thus disposing of the issue. When the matter was recalled (apparently at about 12:20 p.m.), appellant's attorney stated he was "in trial before Judge Tharp," that he would need 30 to 40 minutes to be heard, that it was a

[2]Husband's declaration in pertinent part reads: "When I obtained custody of my children my wife had just commenced working and had no work history and I believe that she was not earning any money. Now I believe my wife has the ability to contribute to the support of our children. Further, the [sic] I am using is not sufficient to give my children because when the children are ill from school no daycare is provided and I have to take off work. It is necessary for me to have additional help in order to care for my children."

2-hour drive to the situs of his trial which would resume at 3 p.m., and that therefore he was requesting a continuance.[3]

Counsel for appellant stated he wished to examine orally the figures set out by respondent but made no indication there were material changes or new matter which should be brought before the court. No offer of proof, general or specific, was made.

■ Apart from the mathematics involved in this time sequence (which would seemingly obviate the need for a continuance) and more importantly, it is fundamental that conflicts in an attorney's schedule must be brought to the court's attention promptly if such conflicts are to be considered as adequate grounds for continuance. ■ Under the present circumstances the trial court was justified in its refusal to grant the request.

■ The determination of the trial court not to permit inquiry into respondent's financial statement which appellant's counsel proposed to make, however, does not have similar support. Appellant urges she should have been entitled to cross-examine respondent respecting this financial declaration.

Family law rule 1225(a) of the California Rules of Court seemingly contradicts this assertion in providing in part: "(a) An application for an injunctive or other order against a party or any other person, the response thereto, and to the extent that these rules so provide all attachments thereto, shall be in the form prescribed by Rules 1285.10, 1285.20, and 1285.40. *The court may grant or deny the relief solely on the basis of the application and response and any accompanying memorandum of points and authorities, . . .*" (Italics added.)

It is the case, however, that the ability of the court to exclude oral testimony has as a concomitant the discretion to receive it. (*Reifler* v. *Superior Court,* 39 Cal.App.3d 479 [114 Cal.Rptr. 356].) The record is clear the trial court had no interest, on any occasion or under any

---

[3]Appellant's attorney submitted a statement under penalty of perjury in appellant's reply brief to the effect he had advised the trial court shortly after the matter was called he was engaged in trial in Vista, California. No suggestion is made, however, concerning any indication by counsel of the need for a continuance. (See fn. 6, *infra.*)

circumstances, in the relative financial positions of the parties[4] or the considerations mandated by Civil Code section 246,[5] and in this respect it was clearly wrong.

Nevertheless, we are convinced the determination appealed from must be affirmed since whatever right appellant may otherwise have had to make the inquiry requested, that right did not serve as the basis for a right to a continuance. It was the stated aim of appellant to have the matter put over[6] and part of the justification proffered was the right of cross-examination. It should be noted too that at this juncture no offer of proof was made indicating what counsel expected to place in evidence on cross-examination or what showing in addition to appellant's declaration appellant expected to make. Appellant's right to cross-examine, to the

---

[4][THE COURT:] "All I am concerned with, as I have indicated, is the amount of money that she is making. That is all I ever concern myself with with the husbands.

"Let the Court state, as it did to you in chambers, I take the same view with respect to the women's duty to pay towards the support of the children when they are in the father's custody as I take towards the fathers paying towards the support in the women's custody."

[APPELLANT'S COUNSEL:] "I understand that, and that is the law.

[THE COURT:] "And in connection with that I do not consider what a mother's income may be, or her expenses may be in determining what I would order a father to pay towards as his share of support for the children. There is no reason for it. There is never enough money to go around, and I've indicated to you from these affidavits that she should be paying $75.00 per month per child, $150.00 a month."

[5]Section 246. "When determining the amount due for support the court shall consider the following circumstances of the respective parties:

"(a) The earning capacity and needs of each party.

"(b) The obligations and assets, including the separate property, of each.

"(c) The duration of the marriage.

"(d) The ability of the obligee to engage in gainful employment without interfering with the interests of dependent children in the custody of the obligee.

"(e) The time required for the obligee to acquire appropriate education, training, and employment.

"(f) The age and health of the parties.

"(g) The standard of living of the parties.

"(h) Any other factors which it deems just and equitable."

[6][THE COURT:] "If you are willing to submit it based upon the affidavits—

[APPELLANT'S COUNSEL:] "No, I'm not, and what I started to say, it is going to take about 30 to 40 minutes to hear and I'm going to ask for a continuance.

"I'm asking this Court to continue this matter on the grounds I am engaged in trial in the matter of McIntyre vs. Diamond, San Diego Superior Court. It is now being tried, it is in its third day before the Honorable Ross G. Tharp in Department C of the San Diego Superior Court at Vista, California.

"I think I have an absolute right to a continuance under those grounds and I am asking the Court to continue it.

"I further state that I believe it would be abusive discretion to not allow us to have a hearing on this matter and it is on those two grounds that I'm asking that the matter be continued."

extent it existed (like many other rights which appellant might enjoy), is not of itself a reason requiring continuance.

Moreover, examination of the record herein does not disclose that to the extent error was committed, it was prejudicial to appellant or resulted in a miscarriage of justice. And in any event, the intermittent nature of support orders is such as to enable appellant to seek relief if genuine hardship has been imposed on appellant.

The formal order of May 9, 1977, granting respondent $75 per month per child or $150 for both is affirmed.

Compton, J., and Beach, J., concurred.