[Civ. No. 57154. Second Dist., Div. Four. Aug. 26, 1980.]

LARRY S. HUFF, Plaintiff and Appellant, v.
RUBEN MENDOZA et al., Defendants and Respondents.

678

COUNSEL

Mallory, Shamiyeh & Bowie and David J. Bowie for Plaintiff and Appellant.

Stockdale, Peckham, Estes & Iorillo and John E. Stockdale for Defendants and Respondents.

OPINION

WENKE, J.*—Appellant Larry S. Huff (hereinafter referred to as Huff) has appealed from a judgment of the trial court dismissing his first amended complaint after sustaining a general demurrer without leave to amend.

In 1975 a default judgment was rendered against Huff and in favor of respondents Ruben Mendoza and Rose Mendoza (hereinafter referred to as Mendoza) in the Superior Court of the State of Arizona. Ruben Mendoza had been injured while a spectator at a motorcycle race in August of 1974. In that action it was alleged that Huff had an agency or partnership relationship with one Ballah who conducted the race. Huff was served in January of 1975. Thereafter the default judgment was entered on June 5, 1975.

On December 1, 1975, Huff filed a motion to set aside the default judgment. Incident to this he contended that he had forgotten about the papers that were served on him until early in March 1975, when he gave them to his business manager, one Coultas, for handling. Coultas misplaced the papers and forgot about them until September 1975. At that time an amended complaint was left with Huff's estranged wife. The leaving of this document apparently prompted Huff, through Coultas, to seek legal assistance. As a result, a motion to set aside the default was filed on December 1, 1975. The motion was granted. Thereafter the Arizona Court of Appeals vacated the order setting aside the default and reinstated the judgment. The appellate court stated that there was nothing in the facts presented on behalf of the motion to support a finding of excusable neglect in seeking relief from the default on the part of Huff, albeit there may have been a meritorious defense. The Arizona Supreme Court denied review on March 22, 1977.

In his California complaint, the original of which was filed on June 13, 1978, Huff makes no reference to Coultas' conduct; instead, he now alleges that Ballah, the operator of the race, promised to undertake the

---

*Assigned by the Chairperson of the Judicial Council.

defense of the Mendoza action and to assume all responsibilities in connection with same. Later he learned that Ballah had not done so. The California action to enjoin enforcement of the default judgment is predicated entirely on the misfeasance of Ballah; the Arizona motion to set aside the same default judgment was based entirely on the misfeasance of Coultas.

## CONTENTIONS ON APPEAL

1. Equitable relief is available to relieve a party from a judgment even where a prior motion has been made and denied.

2. The full faith and credit clause does not bar appellant's right to pursue equitable relief in California from the Arizona judgment.

3. Appellant's first amended complaint for equitable relief was well pled and was not uncertain and susceptible to demurrers.

## DISCUSSION

The basis of appellant's claim for relief is extrinsic mistake. ■ In California a court of equity in an independent action has the authority to grant relief respecting a default judgment where the defendant was prevented by extrinsic mistake from presenting a meritorious defense in the original proceedings, even though a motion to vacate a default had previously been denied. (*Rose* v. *Fuqua* (1962) 200 Cal.App.2d 719, 724 [19 Cal.Rptr. 634]. See also *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328]; *Higley* v. *Bank of Downey* (1968) 260 Cal.App.2d 640, 643 [67 Cal.Rptr. 365].)

The default judgment attacked herein was obtained in Arizona. ■ The validity and effect of a judgment are governed by the laws of the state where it is rendered. (*Gilmer* v. *Spitalny* (1948) 84 Cal.App.2d 39, 44 [189 P.2d 744].) When raised as a bar, it is accorded no more weight than it would be by the courts of the state which rendered it. (*Gilmer* v. *Spitalny, supra,* 84 Cal.App.2d at p. 45.)

■ The Arizona Supreme Court has recognized the propriety of a separate action for equitable relief in a comparable situation, that is, extrinsic fraud, where an earlier motion to set aside the default judgment was denied. (*State* v. *McCarrell* (1956) 80 Ariz. 243 [295 P.2d 1088, 1091].) This is the identical situation confronting us. Neverthe-

less, in spite of the clear language in *McCarrell*, respondent contends that Arizona follows the federal rule of alternative remedies (as contrasted with California which permits cumulative remedies), that is, either a motion or an action, but not both, relying on *Morgan* v. *Metro-Goldwyn-Mayer, Inc.* (1970) 11 Ariz.App. 223 [463 P.2d 118]. The *Morgan* case, decided by the Court of Appeals of Arizona, involved a motion for new trial and the interpretation of a mandate to the trial court from the Supreme Court. A lengthy discussion of this case would serve no purpose. Suffice to say, it does not support respondent's position. Accordingly, then, we hold that appellant is not precluded per se from seeking equitable relief in California solely for the reason that his motion in Arizona to set aside the default judgment was denied.

In *McCarrell* (*id.*, at p. 1091) the court stated that an action in equity to set aside a default upon the ground of extrinsic fraud is a new cause of action. This is to be contrasted with motions to set aside founded on mistake, inadvertence, surprise or excusable neglect. It appears that Arizona does not require that the extrinsic grounds be raised in a motion based on intrinsic reasons even though the moving party had knowledge of its evidence supporting the independent action prior to the filing of the motion to set aside. Our conclusion as to this rests on an examination of the two *McCarrell* cases, the first (80 Ariz. 240 [295 P.2d 1086]) involving the appeal from the default and the second (295 P.2d 1088) involving the dismissal of the complaint to set aside. The default was entered on July 7, 1954, and the motion to set aside was filed on February 28, 1955. (*Id.*, at p. 1086.) The plaintiff in the second case was put on notice of the extrinsic fraud about February 1, 1955 (*id.*, at p. 1090), almost four weeks before filing its motion. The plaintiff did not include the "extrinsic" cause of action in its motion to set aside. While this point—that is, the duty to raise the extrinsic grounds in connection with the motion to set aside where the moving party possesses knowledge of same—was not discussed, it is implicit in the holding that no such duty exists in Arizona.

California has specifically passed on this matter, approving of a subsequent action even though the moving party could have raised the issue by motion, (*Rose* v. *Fuqua, supra,* 200 Cal.App.2d 719.) As the court pointed out in *Rose* (*id.*, at p. 724), the lack of a full opportunity to develop the issue by oral testimony where a motion is heard upon affidavits precludes its operating as a bar to an equitable action founded on extrinsic grounds. (See also *Skouland* v. *Skouland* (1962) 201 Cal. App.2d 677 [20 Cal.Rptr. 185].)

An examination of the record reveals that the Arizona motion was apparently resolved solely on the basis of affidavits. It further appears to us that Arizona's approach to this subject is in accord with California's. Accordingly, we hold that the Arizona motion cannot operate as a bar to the California action.

The judgment of the trial court dismissing the complaint is reversed. The matter is remanded and the trial court is instructed to overrule the general demurrer to the first amended complaint and order the defendant to answer.

Files, P. J., and Kingsley, J., concurred.