[No. B009224. Second Dist., Div. Seven. Mar. 27, 1986.]

DANIEL M. ROHRBASSER, Cross-complainant and Appellant, v. LES E. LEDERER, Cross-defendant and Respondent.

292

## COUNSEL

Lenske, Lenske & Heller, Lawrence E. Heller and Mark L. Edwards for Cross-complainant and Appellant.

Parkinson, Wolf, Lazar & Leo, Maria Rodriguez, Steven M. Slavitt and Roger A. Parkinson for Cross-defendant and Respondent.

## OPINION

**THOMPSON, J.**—In this cross-action for fraud, breach of contract, and declaratory relief against cross-defendant, Les E. Lederer, cross-complainant, Daniel M. Rohrbasser, appeals from a judgment entered after the trial court granted the motion of cross-defendant for summary judgment. The principal issue presented by this appeal is whether the trial court erred in determining that the cross-complaint is barred by the doctrine of res judicata. We answer this question in the affirmative and conclude that the judgment should be reversed.

### STATEMENT OF FACTS

In order to understand the facts of this appeal, it will be necessary for us to relate the factual profile of two prior lawsuits in addition to the underlying action of the present cross-action.

A. *First Action*

On January 26, 1977, Landale S. A., a Swiss corporation (Landale herein), commenced an action for damages against Rohrbasser, Paul Lorda,

Landlord Realty Investments, Inc., and others, seeking to recover moneys advanced to the parties for investment purposes.

From the record it appears that this suit was settled. The parties, including Rohrbasser and his attorney, signed a settlement agreement which required, among other things, Landlord Realty to execute a promissory note in favor of Landale in the sum of $350,000 and Rohrbasser and Lorda to guarantee the note personally. Rohrbasser signed a guaranty.

B. *Second Action*

On January 23, 1978, Landale filed a complaint for money against Rohrbasser, Lorda, Landlord Realty, and others. In the complaint, Landale alleged, among other things, that the parties failed to comply with the terms of the settlement agreement and the personal guarantees. On January 24, 1978, Rohrbasser was personally served with a copy of the complaint and summons. When Rohrbasser failed to answer the complaint, Landale requested on October 30, 1978, that a default be entered against him. The default was entered that date.

On January 23, 1980, a default judgment in favor of Landale was entered against Rohrbasser in the principal amount of $350,000 together with $84,863.01 interest, $5,390 attorney fees, and $93 costs, for a total amount of $440,253.01.

On March 4, 1980, some 18 months later, Rohrbasser filed a motion to vacate the default and set aside the default judgment, together with supporting declarations. The motion was made on the ground of extrinsic fraud and was addressed to the equitable power of the court. In connection with the issue of fraud, Rohrbasser contended that Landale's attorney, Les Lederer, told him he had been named a party-defendant in the lawsuit as a mere technicality. Further, Lederer told him that if he provided them with information about the location of Lorda's assets, they would promise never to hold and go against him under the terms of the guaranty. Rohrbasser contended that these representations caused him not to secure counsel or respond to the complaint. Landale filed declarations in opposition to the motion.

On June 19, 1980, the trial court denied Rohrbasser's motion to vacate the default and set aside the default judgment. The trial court found that there was an insufficient showing of extrinsic fraud based on the declarations before the court, stating that "I don't think in the totality of the material that has been presented to [the court] that the moving party has sustained

the burden of proof necessary to establish the requirement for extrinsic fraud . . . ."

Thereafter, on July 1, 1980, Landale assigned its judgment against Rohrbasser to Lederer.

Rohrbasser appealed the trial court's order denying his motion to vacate the default and set aside the default judgment on August 8, 1980. The California Court of Appeal for the Second Appellate District, Division Three, affirmed the trial court's decision in an unpublished opinion on July 8, 1983. Thereafter, on September 7, 1983, the California Supreme Court refused to grant a hearing.

### C. *Present Action*

In order to enforce the judgment against Rohrbasser, on June 22, 1981, Lederer, as the assignee of the default judgment obtained in the second action, commenced an action against Rohrbasser and others to set aside a fraudulent conveyance. In the complaint, Lederer alleged that Rohrbasser conveyed certain real property to his mother in an attempt to defraud his creditors. In addition to answering the complaint, Rohrbasser filed a cross-complaint against Lederer, raising the same extrinsic fraud claims urged in his motion to vacate the default and set aside the default judgment. Later, Rohrbasser amended his cross-complaint. This first amended cross-complaint is the subject of this appeal.

On March 5, 1984, Lederer filed a motion for summary judgment, claiming that the first amended cross-complaint is barred by the doctrine of res judicata. He contended that the issues raised in the first amended cross-complaint were raised and resolved against Rohrbasser in his motion to vacate the default and set aside the default judgment. Thus, he argued that collateral estoppel precluded a relitigation of these issues.

In opposing the motion, Rohrbasser argued before the trial court, as he does here, that the denial of his prior motion to vacate does not bar his current cross-complaint. He contends that, since he did not present any oral testimony at the hearing on the prior motion to vacate, the issues were not fully developed at the hearing on the prior motion. Therefore, he argues that the doctrine of collateral estoppel is not applicable. In support of his argument, he cites three cases: *Darlington* v. *Basalt Rock Co.* (1961) 188 Cal.App.2d 706 [10 Cal.Rptr. 556]; *Preston* v. *Wyoming Pac. Oil Co.* (1961) 197 Cal.App.2d 517 [17 Cal.Rptr. 443]; and *Rose* v. *Fuqua* (1962) 200 Cal.App.2d 719 [19 Cal.Rptr. 634].

On April 16, 1984, the trial court granted Lederer's motion for summary judgment, finding that the denial of the motion to vacate operated to preclude those issues raised in the cross-complaint as were actually litigated and determined in the prior motion to vacate. In reaching its decision, the trial court rejected Rohrbasser's argument, reasoning that the three cases relied upon by Rohrbasser were inapplicable to the case at bench. The trial court concluded that those cases are only applicable to the situation where relief from default was first sought by a timely motion under Code of Civil Procedure section 473.

After the denial of Rohrbasser's motion for new trial by the trial court on July 10, 1984, Rohrbasser appealed, contending the trial court erred in determining that the cross-complaint is barred by the doctrine of res judicata.

## DISCUSSION

### I

■ A motion for summary judgment is appropriate only where no triable issue of material fact exists and where the moving party's affidavits set forth sufficient facts to sustain a judgment in its favor. (*Zimmerman* v. *Stotter* (1984) 160 Cal.App.3d 1067, 1077 [207 Cal.Rptr. 108]; *Bank of Beverly Hills* v. *Catain* (1982) 128 Cal.App.3d 28, 33 [180 Cal.Rptr. 67].) A defendant moving for summary judgment maintains the burden of establishing the lack of merit of plaintiff's action. (*Ibid.*) ■ Moreover, because of the drastic nature of the relief sought, the affidavits of the party moving for summary judgment must be strictly construed, while a liberal construction must be accorded any affidavits in opposition. (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Seltzer* v. *Seltzer* (1969) 276 Cal.App.2d 137, 140 [80 Cal.Rptr. 688].)

■ The defense of res judicata not only is properly raised by a motion for summary judgment, but also is a proper ground upon which to grant a summary judgment. (*Seltzer* v. *Seltzer, supra,* 276 Cal.App.2d at pp. 141-142; *Kaiser Foundation Hospitals* v. *Superior Court* (1967) 254 Cal.App.2d 327, 330 [62 Cal.Rptr. 330]; *Dryer* v. *Dryer* (1964) 231 Cal.App.2d 441, 446 [41 Cal.Rptr. 839].) Moreover, such a plea presents a question of law for the determination of the trial court. (*Pillsbury* v. *Superior Court* (1937) 8 Cal.2d 469, 472 [66 P.2d 149]; *Baird* v. *Superior Court* (1928) 204 Cal. 408, 412 [268 P. 640].)

■ The doctrine of res judicata has two aspects. One aspect, which operates as a bar or merger, is not involved in this case. It prevents the

parties from relitigating a cause of action a second time and is a complete defense to a second cause of action. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].)

The other aspect, known as collateral estoppel, is involved in this appeal. It causes a judgment in a previous action between the same parties to operate in the second action as a conclusive adjudication as to whatever issues were actually and necessarily decided in the first action. (*Ibid.*)

■  In determining the validity of a plea of collateral estoppel, the court must consider (1) whether the issue decided in the prior adjudication was identical with the one presented in the action in question, (2) whether there was a final judgment on the merits, and (3) whether the party against whom the plea is asserted was party or in privity with a party to the prior adjudication. (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 904, fn. 6 [191 Cal.Rptr. 629, 663 P.2d 187]; *People* v. *Taylor* (1974) 12 Cal.3d 686, 691.)

Of the three questions, the second question—whether there was full presentation of the issue of fraud on the motion to vacate the default judgment resulting in a final order on the merits—is placed in issue by this appeal.

## II

■  It is well settled in California that a judgment procured by extrinsic fraud or mistake may be attacked either by a motion in the same action or by an independent action in a court having equity jurisdiction, and that each remedy is distinct and cumulative. (*Bacon* v. *Bacon* (1907) 150 Cal. 477, 484 [89 P. 317]; *Estudillo* v. *Security Loan etc. Co.* (1906) 149 Cal. 556, 565 [87 P. 19]; *Huff* v. *Mendoza* (1980) 109 Cal.App.3d 677, 680 [167 Cal.Rptr. 348]; *Rose* v. *Fuqua* (1962) 200 Cal.App.2d 719, 724 [19 Cal.Rptr. 634]; *Wilson* v. *Wilson* (1942) 55 Cal.App.2d 421, 426 [130 P.2d 782]; *Jeffords* v. *Young* (1929) 98 Cal.App. 400, 406-407 [277 P. 163].)

■  In *Estudillo*, our Supreme Court, in expressing the rationale for this well-established principle, stated: "The burden of proof rests upon no one more heavily than upon a plaintiff seeking relief upon the ground of fraud, and he ought not to be unduly hampered as to the means of making proof. In support of a motion he is limited to ex parte affidavits of voluntary witnesses unless the court in its discretion permits a wider latitude. In a separate suit he may bring unwilling witnesses into court by subpoena, and he may take their depositions. The [latter] remedy is ampler and more efficacious, and the case is one which demands the amplest and most efficacious remedy." (149 Cal. at p. 564; see 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 201, p. 600.)  ■  Moreover, the

better practice is to seek a summary disposition of the issue upon motion and "if defeated in that proceeding to commence a separate action for relief upon the ground of the plaintiff's fraud . . ." (*Estudillo* v. *Security Loan etc. Co., supra,* 149 Cal. at p. 565.)

We recognize that the *Estudillo* rationale does not apply "where the trial of an issue on a motion is as comprehensive as the trial of the same issue in a suit." (*Sarten* v. *Pomatto* (1961) 192 Cal.App.2d 288, 300 [13 Cal.Rptr. 588].) For example, in *Darlington* v. *Basalt Rock Co., supra,* 188 Cal.App.2d 706, the court held that an equitable action to set aside an order approving compromise of a minor's disputed claim is barred by a prior denial of a motion to vacate the same order made on precisely the same grounds. The *Darlington* court, in finding that a detailed presentation of the issues of fraud and mistake was had on the motion to vacate, stated: "The transcript of proceedings upon the motion is properly before us by stipulation made at oral argument. We have reviewed that record in detail. It reveals that the judge hearing the motion repeatedly made clear that he was not restricting plaintiff to affidavits. He urged plaintiff's counsel to produce anything that they felt necessary. He emphasized his concern and interest in assuring that he had not erroneously foreclosed any rights of the minor at the time of hearing the petition for compromise. The attorney who had represented plaintiff at the time of the compromise was interrogated by the court and both counsel. Although he was not sworn as a witness, defendant's counsel specifically waived the oath and plaintiff's counsel, although not directly doing so, apparently joined in the waiver by voluntarily questioning the attorney witness. The hearing covered a major portion of a court day." (188 Cal.App.2d at p. 709.)

Similarly, in *Preston* v. *Wyoming Pac. Oil Co., supra,* 197 Cal.App.2d 517, the court also held, citing the *Darlington* case, that an equitable action to set aside a default judgment is barred by the prior denial of a motion to set aside such judgment on the same grounds asserted in the equitable action. In reaching this conclusion, the *Preston* court noted that the hearing on the motion to set aside the default and default judgment lasted three days and included the oral testimony of nine witnesses. (197 Cal.App.2d at p. 521.)

■ Accordingly, the test is whether the person attacking the judgment made a detailed presentation of the issues of fraud or mistake on his motion to vacate, or was given a full opportunity at the time of the hearing to develop the issues by oral testimony. Otherwise, it is still the rule that denial of the motion is not res judicata of the issues and the subsequent independent equitable action can be maintained. (See, e.g., *Huff* v. *Mendoza, supra,* 109

Cal.App.3d 677, 680; *Skouland* v. *Skouland* (1962) 201 Cal.App.2d 677, 679 [20 Cal.Rptr. 185]; *Rose* v. *Fuqua, supra,* 200 Cal.App.2d 719, 724.)

Moreover, contrary to the position taken by trial court and urged here by Lederer, these principles apply regardless of whether the prior motion is made pursuant to Code of Civil Procedure section 473, or is addressed to the equity power of the court. (See, e.g., *Olivera* v. *Grace* (1942) 19 Cal.2d 570, 573-576 [122 P.2d 564, 140 A.L.R. 1328].)

Lederer, however, appears to disagree with the position taken in *Rose* v. *Fuqua, supra,* 200 Cal.App.2d at pp. 723-724, and *Huff* v. *Mendoza, supra,* 109 Cal.App.3d at pp. 681-682, that if the motion to vacate is based merely on affidavits, then its denial does not bar an equitable action seeking the same relief. Rather, Lederer appears to contend that, if one elects to seek relief by way of a motion to vacate a default judgment procured by extrinsic fraud or mistake, the party must first request the right to present oral testimony in support of the motion and have such a request either be denied or limited by the trial court in order to avoid the denial of the motion serving as a bar to a subsequent independent equitable action seeking the same relief.

One could reason that such a requirement would save judicial resources and avoid imposing needless expenses and burdens on the opposing party. But such a requirement would have the opposite effect. It not only runs against the grain of the rationale allowing these distinct and cumulative remedies, but also fails to recognize that in certain courts such as the Central District of the Los Angeles County Superior Court, which is the case here, a request to present oral testimony in support of a motion is rarely, if ever, granted. (See, e.g., rule 206(b) of the Law Departments Policy Manual, Los Angeles County Superior Court [stating that in Central District matters, oral testimony is not normally permitted].)

Thus, the practical consequences of such a requirement would be to eliminate the use of the summary disposition of issues on motion as envisioned by the *Estudillo* court, because of the severe restrictions which are presently imposed on the use of oral testimony to support a motion.

California Rules of Court, rule 323(a), which became effective on January 1, 1984, provides: "Evidence received at a law and motion hearing shall be by declaration and affidavit and by request for judicial notice without testimony or cross-examination, except as allowed in the court's discretion for good cause shown or as permitted by local rule. A party seeking permission to introduce oral evidence, except for oral evidence in rebuttal to oral evidence presented by the other party, shall file, no later than three court days

before the hearing, a written statement setting forth the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing. When the statement is filed less than five days before the hearing, the filing party shall serve a copy on the other parties in a manner to assure delivery to the other parties no later than two days before the hearing.''

As previously noted, "[t]he burden of proof rests upon no one more heavily than upon a plaintiff seeking relief upon the ground of fraud . . . .'' (*Estudillo* v. *Security Loan etc. Co., supra,* 149 Cal. at p. 564.) Under such circumstances, it would be foolhardy for one to seek summary disposition of such an issue by motion, knowing that unless one requests the right to present oral testimony a denial of the motion would constitute a bar to an equitable action seeking the same relief. The more prudent course would be to seek such relief in an independent action where the restrictions of rule 323(a) do not apply, especially where the need of the opposing party's testimony is demanded by the facts of the case. Consequently, instead of resulting in the gainful use of judicial time, summary disposition of issues by motion would have been effectively eliminated.

██  From our examination of the facts in this case and comparing them to those of *Darlington* v. *Basalt Rock Co., supra,* 188 Cal.App.2d 706, and *Preston* v. *Wyoming Pac. Oil Co., supra,* 197 Cal.App.2d 517, we "are unable to say that [Rohrbasser] made a detailed presentation of the [issue] of [fraud] on [his motion] to vacate, nor can it be said that [he] had a full opportunity at the time of the [hearing] to develop the [issue] by oral testimony.'' (*Rose* v. *Fuqua, supra,* 200 Cal.App.2d at p. 724.) Moreover, we can only say that "[t]he record before us discloses nothing more than the fact the [motion] to vacate the default [was] heard upon affidavits. This does not afford opportunity for cross-examination of witnesses nor does the judge have the opportunity to see and hear the witnesses which is so necessary in a case of direct conflict in testimony.'' (*Ibid.*)

We therefore hold that Rohrbasser's motion to vacate the default and to set aside the default judgment cannot operate as a bar to the cross-complaint.

## CONCLUSION

The summary judgment of the trial court is reversed. The matter is remanded and the trial court is instructed to deny Lederer's motion for summary judgment.

Rohrbasser is to recover costs on appeal.

Lillie, P. J., concurred.

**JOHNSON, J.**—I respectfully dissent. I would hold the trial court properly determined Rohrbasser's cross-complaint in the present action was barred due to the doctrine of res judicata since in his March 4, 1980, motion to vacate the default and set aside the default judgment in the second action, Rohrbasser was not denied the opportunity fully to present all evidence in support of his motion.

## I. THE TRIAL COURT PROPERLY GRANTED THE RESPONDENT'S SUMMARY JUDGMENT MOTION SINCE THE APPELLANT'S CROSS-COMPLAINT WAS BARRED BY COLLATERAL ESTOPPEL.

Collateral estoppel bars relitigation of an issue decided at a previous trial if the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; if the previous trial resulted in a final judgment on the merits; and if the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial. (*People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622]; *Zimmerman* v. *Stotter* (1984) 160 Cal.App.3d 1067, 1075 [207 Cal.Rptr. 108].)

Rohrbasser acknowledges the denial of a motion to vacate can be a bar to a later action brought on the same grounds. Moreover, he recognizes his cross-complaint was based essentially on the same grounds raised in his motion to vacate.[1] However, he contends his motion to vacate did not bar his subsequent action since he did not present oral testimony at the hearing on this earlier motion. As the majority discusses, Rohrbasser relies on *Darlington* v. *Basalt Rock Co.* (1961) 188 Cal.App.2d 706 [10 Cal.Rptr. 556]; *Preston* v. *Wyoming Pac. Oil Co.* (1961) 197 Cal.App.2d 517 [17 Cal.Rptr. 443]; and *Rose* v. *Fuqua* (1962) 200 Cal.App.2d 719 [19 Cal.Rptr. 634] in support of this argument.

In *Darlington,* the plaintiff was severely injured in an automobile accident. His father sought and obtained approval by the trial court of a compromise of the plaintiff's claim. Almost four years later, the plaintiff filed

---

[1]Rohrbasser contends the issue raised in his third cause of action for declaratory relief was not considered by the trial court in ruling on his motion to vacate. In this cause of action, Rohrbasser contended the foreclosure sale of the property owned by Landlord extinguished all or part of the debt owed to Lederer. However, Rohrbasser presented the foreclosure sale issue in his supplemental points and authorities in support of his motion to vacate. He also raised this issue in his appeal from the denial of this motion. Both courts considered and rejected Rohrbasser's contention. The trial court categorized the foreclosure issue as a potential defense to the underlying action. However, since the court refused to vacate the judgment, the defense was irrelevant.

a motion to vacate and set aside the order approving the compromise. He alleged his prior attorneys were negligent in investigating the facts of the collision and they mistakenly assumed his foot injury was not permanent in character. His motion was denied. The trial court's decision was affirmed on appeal. Two months after the appeal was taken, but before a decision was reached, the plaintiff instituted another action against the driver of the other vehicle, his insurer, and an adjuster for the insurer. He requested the order affirming compromise be vacated, the release rescinded, and judgment for damages be entered. After the appellate decision in the prior action became final, the defendants moved to dismiss this subsequent action. The motion was granted.

The appellate court affirmed. The appellate court stated the issues in the motion to vacate and in the action at bar were identical and thus the question before the court was whether the adverse decision in the first action barred the second. In examining the first proceedings, the court emphasized the trial court did not restrict the plaintiff in presenting his case. In particular, it did not rely solely on affidavits in reaching its decision. The attorney who had represented the plaintiff at the time of the compromise was questioned by both counsel and the court. The court thus concluded the issue was fully litigated and determined by the trial court. As such, the current action was properly barred. (*Darlington* v. *Basalt Rock Co.*, *supra*, 188 Cal.App.2d at pp. 709-710.) As the court stated: "We recognize fully that the mere fact that issues might have been raised on the motion does not bar presentation of those issues in a later action if in fact they were not presented on the motion. *Nor do we decide that the mere presentation of issues by affidavits supporting a motion is a bar to the later action, if the opportunity to present evidence was withheld in the discretion of the court to which the motion was made.* We do hold that detailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues by oral testimony, may bar a subsequent action to set aside the order attacked by the earlier motion." (Italics added.) (*Id.*, at p. 710.)

In *Preston*, the plaintiff sought to set aside a default judgment which the defendant recovered against him in a prior action. The trial court sustained a demurrer to the plaintiff's second amended complaint without leave to amend. A judgment of dismissal was entered and the plaintiff appealed.

The appellate court affirmed the decision ruling the appellant's current suit was barred by the doctrine of res judicata. The court determined the appellant's last motion to vacate presented the same issues and the same grounds as his current suit. Moreover, the motion was denied on its merits after the court conducted a full hearing and received all the evidence offered by the appellant. The court also discussed *Darlington* in detail, finding it

directly on point. As in *Darlington,* the appellant was not denied the opportunity fully to present his evidence in support of his motion. (*Preston* v. *Wyoming Pac. Oil Co., supra,* 197 Cal.App.2d 517, 524-527.)

In *Rose,* the appellant filed an action for breach of contract against the respondents. The respondents failed to make an appearance and a default was entered against them. The respondents' motion to set aside the default was denied. A default judgment was rendered in favor of the appellants. An appellate court affirmed the order and judgment. The respondents subsequently instituted another action requesting the prior judgment be vacated on the basis of extrinsic fraud. The appellants contended, in part, the action was barred by the doctrine of res judicata due to the prior denial of the respondents' motion to vacate the earlier default judgment. Judgment was entered in favor of the respondents. The appellants appealed, again contending this action was barred by res judicata. The appellants relied on *Darlington* in support of their position.

The appellate court ruled the denial of the respondents' motion to vacate the default judgment did not bar the current action. The record only disclosed that the motion to vacate was heard upon affidavits. As such, the respondents did not have a full opportunity at the hearing on this motion to develop the issues by oral testimony. Thus, this earlier action did not have res judicata effect on the subsequent action. (*Rose* v. *Fuqua, supra,* 200 Cal.App.2d at p. 724; see also *Huff* v. *Mendoza* (1980) 109 Cal.App.3d 677, 680-682 [167 Cal.Rptr. 348].)

In the case at bar, the trial court ruled the above line of cases was inapplicable since Rohrbasser did not bring a timely motion pursuant to Code of Civil Procedure section 473 but instead requested the default be vacated based on the court's equitable powers. However, I do not believe the applicability of the principles established in these cases is contingent on such a determination. While it is true in the majority of the cases applying the *Darlington* principles, a timely section 473 motion had been made, there is no language in these opinions which indicates the courts viewed this as a critical precondition to applying these principles. As an example, in *Preston,* no timely section 473 motion was made. As the court stated, "It is now well settled in California that one who seeks relief from a judgment against him on the ground that he was deprived of a fair trial through extrinsic factors has a choice of remedies. He may either bring an independent suit in equity, or he may invoke the equitable jurisdiction of the court by means of a motion addressed to the court that rendered the judgment . . . . [¶]In the case at bar, appellant chose to invoke the equitable jurisdiction of the court by his several motions." (*Preston* v. *Wyoming Pac. Oil Co., supra,* 197 Cal.App.2d at pp. 526, 527; see also 8 Witkin, Cal. Procedure (3d ed.

1985) Attack On Judgment In Trial Court, § 200, pp. 598-599.) After reaching this conclusion, the court did not determine the principles established in *Darlington* were inapplicable, but, in applying these principles, determined the prior motions had res judicata effect on the instant action since the appellant had had the opportunity to present fully the evidence in support of his motions. (*Ibid.*) Thus, this latter determination is the critical one and is made irrespective of whether the motion was brought pursuant to section 473 or pursuant to the court's equitable powers.

Although I conclude the trial court erred in deeming the cases cited by Rohrbasser inapplicable, I believe summary judgment was still appropriate since Rohrbasser made no showing he was denied the opportunity fully to present all evidence in support of his motion. A trial court decision to grant summary judgment which can be sustained on any theory of the law applicable to the case will not be disturbed on appeal even if the decision was made for the wrong reason. (*Folberg* v. *Clara G. R. Kinney Co.* (1980) 104 Cal.App.3d 136, 140 [163 Cal.Rptr. 426]; see also *In re Marriage of Jacobs* (1982) 128 Cal.App.3d 273, 284 [180 Cal.Rptr. 234].)

As discussed in detail above, in *Darlington,* the court held the presentation of issues by affidavits alone in a motion to vacate would not bar later action *if* the trial court in the earlier motion *limited the party's ability to present evidence.* (*Darlington* v. *Basalt Rock Co., supra,* 188 Cal.App.2d at p. 710.) It is the opportunity fully to present evidence in support of one's motion which is crucial. (*Ibid*; accord *Preston* v. *Wyoming Pac. Oil Co., supra,* 197 Cal.App.2d at pp. 525-527.) If a party never attempts to expand the scope of the hearing beyond affidavits or declarations, he cannot later contend he was denied the opportunity fully to present his evidence.

*Sarten* v. *Pomatto* (1961) 192 Cal.App.2d 288 [13 Cal.Rptr. 588], a case discussed by Rohrbasser, also supports this conclusion. In this case, the appellant contended the trial court's denial of the respondent's motion to set aside a default judgment barred the respondent's subsequent action in equity directed to the same purpose. The court did not resolve this issue since the court could not determine whether the parties had had *the opportunity* to litigate the issues in a manner commensurate with the litigation options available in an action in equity. The court was unable to determine whether the parties were *restricted* to proof by affidavit or allowed to supplement by oral testimony. (*Id.,* at pp. 300-301.)

While I recognize trial courts generally decide motions based on evidence presented in the form of affidavits or declarations rather than oral testimony (see rule 206(b) of the Law Departments Policy Manual, Los Angeles Superior Court), as *Darlington, Preston,* and *Rose* make apparent, a trial court

has the discretion to allow oral testimony at a motion of this nature. (See also *Skouland* v. *Skouland* (1962) 201 Cal.App.2d 677, 678 [20 Cal.Rptr. 185]; *Kallman* v. *Henderson* (1965) 234 Cal.App.2d 91, 97 [44 Cal.Rptr. 108].) Indeed, a trial court *must* exercise its discretion as to whether to allow oral testimony. It may not as a matter of policy refuse to consider oral testimony on a motion hearing. (See *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356] [Trial court erred in failing to exercise its discretion to allow oral testimony on party's motions. The court simply relied on a court policy of precluding the use of oral testimony in family law matters estimated to take up more than one day.]; *In re Marriage of Perkal* (1978) 77 Cal.App.3d 413, 418-419 [143 Cal.Rptr. 575] [". . . [T]he ability of the court to exclude oral testimony has as a concomitant the discretion to receive it." A trial court errs in failing to exercise this discretion.]; *Eddy* v. *Temkin* (1985) 167 Cal.App.3d 1115, 1120-1121 [213 Cal.Rptr. 597].)

In the case at bar, Rohrbasser never requested that he be allowed to present oral testimony. In his moving papers, Rohrbasser simply stated the motion would be based on declarations, on the memorandum of points and authorities, and on all the files and records in the matter. Moreover, he made no attempt to expand the scope of his evidentiary presentation at the hearing. As such, it cannot be said the trial court restricted Rohrbasser's opportunity fully to present evidence since Rohrbasser never challenged the manner in which the court conducted the hearing.

I recognize certain cases can be read to support the argument that if the motion to vacate is based merely on affidavits, then a subsequent, independent action can still be brought even if no request was made in the prior action to present oral testimony. (See *Rose* v. *Fuqua, supra,* 200 Cal.App.2d at p. 724; *Huff* v. *Mendoza, supra,* 109 Cal.App.3d at pp. 681-682.)[2] However, I disagree with these cases to the extent they can be interpreted in this manner. Such a position encourages a party not to present oral testimony at his initial motion, but instead to present all his evidence by affidavit so that in the event this motion is denied, he can later bring an independent action in equity raising once again the very same issues. Such an outcome wastes judicial resources and imposes needless additional expenses and burdens on the opposing party. I support the principle that a party who has been prevented from fully presenting evidence in his motion to vacate should not be precluded from bringing an additional action in which he has the complete opportunity to litigate the matter. However, I believe before that party is

---

[2]While *Rose* and *Huff* can be interpreted in this regard, it is not clear from a reading of these cases that the courts intended this result. For instance, *Rose* cites to *Sarten* v. *Pomatto, supra,* 192 Cal.App.2d 288 in discussing the standards to be applied. As discussed earlier, *Sarten* supports the trial court's decision reached in the case at bar.

given another opportunity to raise the same contentions in a subsequent matter, the trial court must have limited his ability to present evidence in the prior proceeding.[3]

---

[3]Counter to the majority's contentions, I do not believe the practical effect of this ruling will be to eliminate the use of the summary disposition of issues on motion. First, there may well be circumstances in which a party believes it is unnecessary to present oral testimony on this issue and may decide that proceeding by affidavit or declarations alone is sufficient. More importantly, as discussed in detail above, a party can preserve his right to an independent action by requesting to have a full hearing on the motion. I do not find California Rules of Court rule 323 which outlines the procedure a litigant must follow in seeking to present oral testimony to be overly burdensome. In addition, in examining this rule, the benefits to the litigant in proceeding in this manner must be weighed against the burden imposed. If a litigant is granted the opportunity to have a full hearing at this stage of the proceedings, it will save him or her the needless expense of initiating and pursuing an entirely separate action. While I agree with the majority it would be foolhardy for a litigant *not* to request the right to present oral testimony if that litigant believes such testimony is critical to his or her claim, I do not believe rule 323 will unduly inhibit a litigant from pursuing this route. Moreover, if the court denies this request the party will be free to file an independent action.